This is a case involving the scope and interpretation of the judicial review provisions of the Alabama Administrative Procedure Act (AAPA).
The plaintiff appeals to this court from the order of the Montgomery County Circuit Court dismissing its suit. We affirm.
Plaintiff's suit arises from its dispute with the State Health Planning and Development *Page 732 
Agency (SHPDA) and the Certificate of Need Board (Board) which granted a certificate of need (CON) to Springhill Memorial Hospital (Springhill) for the acquisition of a new piece of medical equipment called a lithotripter. Shortly after Springhill filed its application for the CON, plaintiff also filed an application for a CON to acquire a lithotripter. Defendants granted Springhill's application for the lithotripter CON and apparently never granted or denied plaintiff's application.
Plaintiff claims that it and Springhill were "competing applicants" for the lithotripter CON because the state health plan allows for only one lithotripter for the south Alabama area. Both plaintiff and Springhill are in this area since they are both located in Mobile. Plaintiff claims that defendants did not abide by federal regulations governing "competing applicants" for a CON.
Following the defendants' granting of the CON to Springhill, plaintiff filed a notice of appeal or review and a complaint in the Montgomery County Circuit Court. The defendants filed motions to dismiss, alleging several grounds upon which the complaint and appeal should be dismissed. We address only one of these — lack of jurisdiction — because on that ground alone the dismissal must be affirmed.
The jurisdictional issue raises serious questions as to the scope and interpretation of the judicial review provisions of the AAPA, specifically § 41-22-20 (b), Ala. Code (1975), where the state agency involved has a specific state statute governing judicial review of its actions.
Judicial review of the denial of CON applications by SHPDA is governed by § 22-21-275 (14), Ala. Code (1975). That statute provides, in pertinent part, that SHPDA shall prescribe rules and regulations for the procedures for review of applications for certificates of need, and it lists certain provisions those rules and regulations must include. Subpart 14 of the statute states,
 "The decision of the appeals agency shall be considered the final decision of the state agency; provided, that the applicant may appeal the decision to the circuit court of the county in which the applicant resides or of the county in which the applicant is situated."
Thus, under § 22-21-275 (14), plaintiff's appeal could only be brought in the county where it is situated, Mobile County.
In contrast, the AAPA purports to provide plaintiff with a choice of three places in which to file suit. Section 41-22-20
(b), Ala. Code (1975) provides:
 "(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and, where required by statute, a cost bond, with the agency. A petition shall be filed in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, where a party (other than an intervenor) resides or if a party (other than an intervenor), is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of such registered office or principal place of business within this state."
(Emphasis supplied.)
Based upon § 41-22-20 (b), plaintiff apparently believes it correctly filed suit in Montgomery County, the county wherein SHPDA and the Board maintain their headquarters. We disagree.
The initial provision of § 41-22-20 (b) specifically exempts from the statute those "matters for which judicial review is otherwise provided for by law." In this case judicial review is specifically provided for by § 22-21-275 (14), Ala. Code (1975). Thus, that statute must govern, and not § 41-22-20 (b).
This interpretation of § 41-22-20 (b) is in accord with the longstanding rule "that `where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available.' Parsons v. StateBoard of Registration, 416 So.2d 1031, *Page 733 
1033 (Ala.Civ.App.), cert. denied, (Ala. 1982)." Moore v. StateDepartment of Revenue, 447 So.2d 744, 746 (Ala.Civ.App. 1983),cert. denied, 447 So.2d 747 (Ala. 1984). The above stated rule was noted by this court in Moore in dicta specifically addressed to the question of whether the liberal judicial review provisions of the AAPA could be used to circumvent the requirements of the specific statute governing appeals of final tax assessments of the State Department of Revenue. We concluded that it could not be so used.
Plaintiff argues that § 41-22-20 (b) must override §22-21-275 (14) because of certain provisions in the AAPA itself which call for its liberal interpretation. Plaintiff particularly relies upon §§ 41-22-2 and -25, Ala. Code (1975), and the commentary following those statutes. Section 41-22-25
(a) states in part:
 "(a) This chapter shall be construed broadly to effectuate its purposes. Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter."
(Emphasis supplied.)
But for the above emphasized language in § 41-22-25 (a), one could conclude that the more liberal filing requirements for judicial review under the AAPA may be followed in addition to those of § 22-21-275 (14). This introductory clause, however, specifically excepts those matters where the AAPA itself states an exception to its requirements. Such is the case with §41-22-20 (b). This statute specifically exempts from its judicial review filing provisions those matters for which judicial review is provided by other law. Because judicial review of actions of SHPDA and the Board on CON applications is specifically governed by § 22-21-275 (14), the only logical conclusion is that § 22-21-275 (14), and not the AAPA, must govern the filing of a petition or complaint for judicial review in the present case.
This court should not be misunderstood to say that, in all cases in which an agency has specific statutes, those statutes would supersede the AAPA. We hold only that the method for obtaining judicial review of SHPDA rulings on CON applications which is specifically set forth in § 22-21-275 (14), Ala. Code (1975), must override the general provisions for obtaining judicial review of an agency's adverse actions set forth in §41-22-20 (b). Such a result arises from the language of §41-22-20 (b) itself.
Plaintiff's failure to follow the requirements for judicial review set forth in § 22-21-275 (14), was a jurisdictional defect. The circuit court, having no jurisdiction, correctly dismissed the suit. Cf. Cruce v. DeMarco Concrete and BlockCo., 380 So.2d 900 (Ala.Civ.App. 1980); Director of StateDepartment of Industrial Relations v. Nolin, 374 So.2d 903
(Ala.Civ.App. 1979); Quick v. Utotem of Alabama, Inc.,365 So.2d 1245 (Ala.Civ.App. 1979). See also Moore, 447 So.2d at 746.
This case is due to be and is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 734