This is a case arising from a determination of the State Health Planning and Development Agency (SHPDA).
The plaintiff, Druid City Health Care Authority, on behalf of Druid City Hospital Regional Medical Center (Druid City), filed suit in the Montgomery County Circuit Court, appealing the final decision of SHPDA. The latter had granted a certificate of need (CON) to West Alabama General Hospital (West Alabama) for the development of an outpatient surgery center, a new eight-bed obstetrical service, and a breast cancer screening program. The circuit court granted motions to dismiss filed by West Alabama and SHPDA, and Druid City appeals. We affirm.
Under Ala. Code (1975), § 22-21-275 (14), an applicant for a CON may appeal SHPDA's final decision with regard to its CON application "to the circuit court of the county in which the applicant resides or of the county in which the applicant is situated." The statute thus provides only one place as the proper forum for judicial review of a SHPDA ruling with respect to a CON application — the place where the applicant resides or is located.
Clearly, Druid City's appeal, which was filed in the Montgomery County Circuit Court, was brought in the wrong forum since both it and West Alabama are situated in Tuscaloosa County. As was the case in Mobile Infirmary Association v.Emfinger, 474 So.2d 731 (Ala.Civ.App. 1985), the dismissal of Druid City's appeal is due to be affirmed for this reason.
Mobile Infirmary is strikingly similar to the present case. In that case a CON applicant situated in Mobile appealed SHPDA's ruling to the Montgomery County Circuit Court. That court dismissed the appeal, and this court affirmed, holding that the circuit court lacked jurisdiction to entertain the appeal.
This court held in the Mobile Infirmary case that the forum provided for by Ala. Code (1975), § 22-21-275 (14), for appeals of SHPDA rulings on CON applications is a jurisdictional requirement which must be followed for the circuit court to have jurisdiction of the appeal. Cf. Security Engineers, Inc.v. Anderson, 421 So.2d 1298 (Ala.Civ.App. 1982); Cruce v.DeMarco Concrete and Block Co., 380 So.2d 900 (Ala.Civ.App. 1980); Director of State Department of Industrial Relations v.Nolin, 374 So.2d 903 (Ala.Civ.App. 1979). See also Payne v.Department of Industrial Relations, 423 So.2d 231 (Ala.Civ.App. 1982). This conclusion is in line with the well-recognized principle noted by this court in Mobile Infirmary "that `where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available.' Parsons v. State Board of Registration,416 So.2d 1031, 1033 (Ala.Civ.App.), cert. denied, (Ala. 1982)." Moore v. State Department of Revenue, 447 So.2d 744,746 (Ala.Civ.App. 1983), cert. denied, 447 So.2d 747 (Ala. 1984).
A court which lacks jurisdiction over either the person or the subject matter has no power to act. Mobile and GulfRailroad co. v. Crocker, 455 So.2d 829 (Ala. 1984). The Montgomery County Circuit Court's order dismissing Druid City's appeal was, therefore, correct. See Mobile InfirmaryAssociation, 471 So.2d 731; Payne, 423 So.2d at 234; SecurityEngineers, Inc., 421 So.2d at 1298-99.
We realize that the circuit court's order dismissing Druid City's appeal stated a different reason as the basis for dismissal — that court's determination that Druid City lacked standing to appeal the award of a CON to West Alabama under the circumstances presented to the court. Because the circuit court's lack of jurisdiction required dismissal, however, it will not be *Page 1224 
put in error for so doing, though its basis for dismissal was not lack of jurisdiction. If a trial court reaches a correct decision, it is immaterial that a wrong reason was given for that decision. See Bennett v. Bennett, 454 So.2d 535 (Ala. 1984); Wagnon v. Boggs, 460 So.2d 183 (Ala.Civ.App. 1984). Furthermore, it is not necessary for this court to determine whether the ground stated by the circuit court for its ruling was wrong where that ruling is correct for other reasons.Rapaco, Inc. v. Agee, 453 So.2d 1048 (Ala.Civ.App. 1984).
We note, however, that it appears to this court that, in view of our rationale expressed in Ex parte State Health Planningand Development Agency, 443 So.2d 1239 (Ala.Civ.App. 1983), the circuit court would appear to be correct in concluding that Druid City lacked standing.
This court further notes that SHPDA regulations appear to conflict with the forum requirement provided for in Ala. Code (1975), § 22-21-275 (14). Any such regulations are clearly of no import. See Ex parte City of Florence, 417 So.2d 191 (Ala. 1982); Gadsden Civil Service Board v. Phillips, 447 So.2d 749
(Ala.Civ.App. 1984); Jefferson County Board of Education v.Alabama Board of Cosmetology, 380 So.2d 913 (Ala.Civ.App. 1980).
In view of our holding, all other issues presented on appeal are pretermitted.
The judgment of the circuit court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.