EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves a final judgment which granted a motion to dismiss Mr. Lambert’s appeal to the circuit court from an order of the Alabama Real Estate Commission (the commission), which revoked Mr. Lambert’s real estate broker’s license.
This litigation was previously before this court and was reversed and remanded for a procedural defect. Lambert v. Alabama Real Estate Commission, 479 So.2d 68 (Ala.Civ.App.1985). That defect was not repeated after remand.
The commission’s order of April 17, 1984, found Mr. Lambert to be guilty of professional misconduct, and his real estate broker’s license was revoked. Mr. Lambert filed his notice of appeal in the circuit court on May 17, 1984. The commission filed a certified copy of the transcript of the proceedings before it in the circuit court, and several months later, on April 1, 1985, it filed its motion to dismiss, the alleged ground therein being that Mr. Lambert had not filed any petition for review as was required by §§ 34-27-38 and 41-22-20(d) of the Code of Alabama of 1975. For that reason, the trial court on November 15, 1985, granted the commission’s motion and dismissed Mr. Lambert’s appeal to the circuit court. He duly appealed again to this court.
Since § 41-22-20(d) is a portion of the Administrative Procedure Act (the act) and since all inconsistent statutes concerning the procedure for a judicial review of an order of an administrative agency were replaced by the act, we look to it to determine the required and proper procedure for *20 such a judicial review. Ala.Code (1975), § 41-22-26.
The act first requires that a notice of appeal or review be filed within thirty days after the receipt of the notice of the final decision of an agency. Ala.Code (1975), § 41-22-20(d). That subsection then provides that a petition for judicial review by the circuit court shall be filed within thirty days after the filing of the notice of appeal or review. The act further establishes what such a petition shall contain. Ala.Code (1975), § 41-22-20(h). As we construe the last sentence of § 41-22-20(d), it provides that the failure to file a petition for review within thirty days after the filing of the notice of appeal shall operate as a waiver of the right of such person to a judicial review, except that for good cause shown, the judge of the reviewing court may extend for not exceeding thirty days the time for filing a petition for review, or, within four months after the issuance of the agency order, the reviewing court may issue an order permitting a review of the agency decision notwithstanding such waiver.
Here, the initial thirty-day period, the additional thirty-day period, and such four-month period had all expired long before the court ever dismissed Mr. Lambert’s appeal. Under the dictates of the act, Mr. Lambert waived a right to a judicial review of his matter, by the circuit court by his failure to timely file a petition for review. Accordingly, the trial court did not err in dismissing his appeal on November 15, 1985. That judgment of dismissal is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.