500 So.2d 467 (1986)
Horace MAYS
v.
SABEL STEEL SERVICES, INC. and William Heatherly, Commissioner of the Department of Industrial Relations.
Civ. 5387.
Court of Civil Appeals of Alabama.
August 13, 1986.
Rehearing Denied September 17, 1986.
Certiorari Denied December 19, 1986.
Robert J. Varley, Lawrence F. Gardella, and Faith R. Cooper, of Legal Services Corp. of Ala., Montgomery, for appellant.
George Cocoris, Gen. Counsel, and Frank D. Marsh, Asst. Counsel, State of Ala. Dept. of Indus. Relations, for appellee.
Alabama Supreme Court 85-1578.
HOLMES, Judge.
This is an unemployment compensation case.
The trial court dismissed the claimant's appeal of his unemployment compensation claim as untimely. The claimant appeals, and we affirm.
After more than twenty days following the denial of his unemployment compensation claim by the board of appeals of the Alabama Department of Industrial Relations, the claimant sought review of the board's decision in the trial court. As indicated, the trial court dismissed the appeal.
Ala. Code (1975) § 25-4-95, provides that an appeal of a decision of the board of appeals must be taken within ten days after such decision becomes final. The claimant contends, however, that the ten-day appeal deadline of § 25-4-95 has been "repealed and replaced" by the thirty-day deadline provided by Ala. Code (1975) § 41-22-20(d), which is part of the Alabama Administrative Procedure Act (AAPA). See Ala.Code (1975) § 41-22-26. We disagree.
The AAPA "is intended to provide a minimum procedural code for the operation of all state agencies," Ala. Code (1975) § 41-22-2, and in most cases we feel sure that the procedures set forth in the AAPA will govern agencies' actions and decision-making processes.
There are, however, instances within the AAPA itself where the legislature indicated that procedural provisions set forth in other state statutes governing agencies should govern. One such instance is found in Ala. Code (1975) § 41-22-20, which sets forth the AAPA procedures for obtaining judicial review of an agency's final decision.
The thirty-day appeal deadline relied upon by the claimant is set forth in paragraph (d) of § 41-22-20. Paragraph (b) of § 41-22-20, however, exempts from the application of the statute those "matters for which judicial review is otherwise provided for by law."
*468 In the present case judicial review of the claimant's unemployment compensation claim is provided for by other lawAla. Code (1975) § 25-4-95. That statute, with its ten-day deadline for filing an appeal, must therefore govern, rather than the thirty-day deadline of the AAPA. Mobile Infirmary Association v. Emfinger, 474 So.2d 731 (Ala.Civ.App.1985). See also Druid City Health Care Authority v. Alabama State Health Planning & Development Agency, 482 So.2d 1222 (Ala.Civ.App.1985).
The claimant contends that the exempting language of paragraph (b) of § 41-22-20 applies only to that paragraph and not to paragraph (d) or any of the other paragraphs of § 41-22-20. The claimant's argument is interesting. However, it is our opinion that the better interpretation is that the exempting language of paragraph (b) applies to all of § 41-22-20. Such an interpretation is in accord with the rule that, where a statute provides an exclusive method for judicial review, no other statutory review is available. Emfinger, 474 So.2d at 732; Moore v. State Department of Revenue, 447 So.2d 744 (Ala.Civ.App.1983), cert. denied, 447 So.2d 747 (Ala.1984).
The claimant further argues that because the thirty-day deadline of the AAPA is more liberal than the ten-day deadline of Ala. Code (1975) § 25-4-95, the thirty-day deadline should be viewed as being "in addition to" the ten-day deadline. We find such an argument to be untenable. There can be only one appeal deadline.
The claimant, however, relies upon the following language of Ala. Code (1975) § 41-22-25(a) to sustain his argument:
"This chapter shall be construed broadly to effectuate its purposes. Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter."
(our emphasis)
As we opined in Emfinger, 474 So.2d at 733, the above-emphasized language of § 41-22-25(a) indicates that, where the AAPA expressly provides otherwise, the rights and requirements provided by the AAPA do not apply, even though they may be more liberal than the rights and requirements provided elsewhere. The AAPA does "expressly provide otherwise" in the case of those procedures governing judicial review of the final decision of an agency. Ala. Code (1975) § 41-22-20(b).
We would note, moreover, that we do not necessarily agree with the claimant that the thirty-day deadline of the AAPA is more liberal than the ten-day deadline. The shorter period for taking an appeal may well be beneficial to most unemployment compensation claimants.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J. concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
On application for rehearing the claimant relies on Lambert v. Alabama Real Estate Commission, 490 So.2d 18 (Ala.Civ.App.1986), as authority for his contention that the thirty-day time limit of Ala. Code (1975), § 41-22-20(d), applies, rather than the ten-day time limit of Ala. Code (1975), § 25-4-95. Specifically, the claimant contends that "Lambert demonstrates that any statute inconsistent with § 41-22-20(d) has been replaced." We disagree.
*469 In Lambert the pertinent judicial review requirements of the specific agency statute there involved, Ala. Code (1975), § 34-27-38(c), did not conflict with § 41-22-20(d). Thus, this court was not faced with the issue it confronts in this casewhether the judicial review provisions of the AAPA or those of a specific agency statute, here § 25-4-95, govern where the latter is in conflict with the AAPA. It is this court's opinion that in such a situation the specific agency statute governs, not the AAPA.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.