548 So.2d 171 (1988)
W.F. HAND
v.
STATE DEPARTMENT OF HUMAN RESOURCES.
Civ. 6222.
Court of Civil Appeals of Alabama.
May 4, 1988.
Rehearing Denied June 8, 1988.
*172 Edward R. Tibbetts, Mobile, for appellant.
William Prendergast and James E. Long, Asst. Attys. Gen., and Donald Gautney, Sp. Asst. Atty. Gen., for appellee.
HOLMES, Judge.
This is an appeal from an administrative decision of the Department of Human Resources (agency).
The appellant's motor home was damaged by a hurricane, and he applied for federal disaster relief with the agency. The agency denied relief in a written administrative decision that was mailed to the appellant, together with a copy of the agency's regulation regarding the method of appealing from that decision. The appellant timely filed his notice of appeal with the circuit court pursuant to the method of appeal set out in that regulation.
The agency moved to dismiss the case on the ground that the appellant should have filed his appeal with the agency, rather than the circuit court, pursuant to § 41-22-20(b), Ala.Code (1975) (1982 Repl.Vol.). The trial court dismissed the appellant's case, and this appeal followed. We reverse.
It is the validity of the agency regulation in question that forms the dispositive issue of this case.
Section 41-22-20(b), Ala.Code (1975) (1982 Repl.Vol.), provides in pertinent part as follows: "Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency." (Emphasis supplied.)
We have previously held that such language "specifically exempts from [the] judicial review filing provisions [of the Alabama Administrative Procedure Act (AAPA)] those matters for which judicial review is provided by other law." Mobile Infirmary Association v. Emfinger, 474 So.2d 731, 733 (Ala.Civ.App.1985); see also Mays v. Sabel Steel Services, Inc., 500 So.2d 467 (Ala.Civ.App.1986). In those cases the "other law" was a statute and was held to govern the time within which an appeal could be taken from a final decision of an agency. That is, the specific agency statute regarding the procedure for appeal was held to govern, rather than the procedure as expressed in the AAPA itself.
This case involves an agency regulation instead of an agency statute. The regulation provides that "[a]n aggrieved person still dissatisfied after the final decision *173 shall be entitled to file a notice of appeal or review of the decision with the appropriate circuit court." (Emphasis supplied.) § 660-1-5-.15, Rules of the Department of Pensions & Security [now the Department of Human Resources] (1984). The AAPA is cited as the authority for that regulation.
The issue, therefore, is whether the specific agency regulation in this case falls within the "other law" provision of § 41-22-20(b).
As indicated, there is little question but that a specific agency statute falls within that provision so as to govern, rather than the AAPA, regarding a procedure for judicial review. This case involves the effect of an agency regulation in the same context. Mays, 500 So.2d 467; Emfinger, 474 So.2d 731.
Thus, the dispositive question becomes whether such a regulation has the force of law in Alabama. In answering that question in the specific context of this case, we believe that it is important to consider the express intent of the legislature in enacting the AAPA and the specific purpose of the Act with respect to procedures for judicial review of agency action.
The AAPA is "intended to provide a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public." § 41-22-2(a). That statutory provision, which describes the legislative intent in enacting the AAPA, adds that "[n]othing in [the] chapter is meant to discourage agencies from adopting procedures conferring additional rights upon the public." § 41-22-2(a).
The statute also provides that one of the purposes of the AAPA is "[t]o simplify the process of judicial review of agency action as well as increase its ease and availability." § 41-22-2(b)(7).
Given this purpose of the AAPA and the intent of the legislature respecting it, it seems clear that the language of § 41-22-20(b) in question was written with this purpose and intent in mind and that the legislature contemplated other legal procedures for judicial review of agency action than those as expressly set out in the AAPA.
The question remains as to whether the agency regulation in this case has the force of law.
Rules, regulations, and general orders of administrative authorities pursuant to powers delegated to them have the force and effect of laws when they are of statewide application and so promulgated that information of their nature and effect is readily available or has become part of common knowledge. State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943). Moreover, where an agency prescribes rules and regulations for the orderly accomplishment of its statutory duties, its officials must vigorously comply with those requirements; regulations are regarded as having the force of law and, therefore, become a part of the statutes authorizing them. American Federation of Government Employees v. Callaway, 398 F.Supp. 176 (N.D.Ala.1975).
In this case a copy of the regulation in question was mailed to the appellant, together with information regarding the agency's final determination in his case. That is, the agency informed the appellant that his application for relief was denied, and the appellant was given the agency regulation describing that his appeal should be filed with the circuit court. He timely filed with the circuit court, only to have the agency successfully contend at the trial court that his appeal was filed in the wrong place and should be dismissed.
It is undisputed that the agency has the power to establish and promulgate reasonable regulations and that such was done in this case with regard to the procedure for judicial review. Pertinently, the commentary to § 41-22-4 of the AAPA states that "[a]doption of rules describing the internal organization of an agency and the actual procedures and policies of a state agency will enable the public to hold agencies to the standards to which it is intended they be held."
The statements and concern expressed in the dissenting opinion regarding the effect *174 of this decisioni.e., reversing the trial courton the procedure of reviewing administrative decisions are difficult to reconcile with the overriding purposes of the AAPA as noted and the express language of § 41-22-20(b). The statutory language in question specifically authorizes alternatives to the AAPA's procedure for judicial review when otherwise provided for by law. The AAPA expressly provides that it is a minimum procedural code and not meant to inhibit agencies from conferring other procedural rights on the public. As indicated, administrative regulations have the force of law.
To reiterate:
The question is not whether the agency regulation in this case authorized appellate review of an administrative decisionsuch a regulation would clearly be a usurpation of the legislative power to authorize appeals and would thus be invalidbut whether the regulation is such "other law" as to provide an alternative method of review as contemplated by § 41-22-20(b) itself. The following is pertinent in this regard:
"`Legislative' rules or regulations are accorded by the courts or by express provision of statute the force and effect of law immediately upon going into effect. In such instances the administrative agency is acting in a legislative capacity, supplementing the statute, filling in the details, or `making the law,' and usually acting pursuant to a specific delegation of legislative power."
1 Am.Jur.2d Administrative Law § 95 at 893 (1962).
Section 41-22-20(b) did not limit alternative judicial review procedures to statutory law as such. With regard to a matter such as where to file the notice of appeal, we cannot read § 41-22-20(b) to prevent such a method being validly provided for in an agency regulation having the force of law.
In this case the agency has, in effect, used the AAPA to frustrate one of the very purposes of the AAPAthat agencies be held to their own public policies and standards. Certainly, the agency is free to adopt the procedure of the AAPA that notice of an appeal from an agency's final decision is to be filed with the agency. However, so long as the agency holds out, through a duly adopted and promulgated agency regulation having the force of law, that a different procedure is requiredand since such an alternative to the AAPA procedure is authorized by § 41-22-20(b)the agency must be held to its own standard. The Alabama Administrative Procedure Act itself contemplates no less.
In view of the above, the trial court's action in this case is due to be reversed. We are not to be understood as holding that an appeal filed with the agency would not also have been effective. We specifically make no comment on this aspect as this is not an issue in the instant case.
This case is, therefore, reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, J., concurs.
BRADLEY, P.J., dissents.
BRADLEY, Presiding Judge (dissenting):
I respectfully dissent.
The Alabama Administrative Procedure Act (AAPA) contains two provisions that should govern the issue under consideration. At the time that this appeal was taken, it was provided that proceedings for the judicial review of an agency's decision "shall be instituted by filing of notice of appeal ... with the agency." § 41-22-20(b), Code 1975. It was further required that the notice of appeal be filed within thirty days after receipt by the petitioner of the notice of the final decision of the agency. § 42-22-20(d), Code 1975.
Mr. Hand received a copy of the decision of the agency on April 2, 1987, and he had thirty days thereafter within which to file his notice of appeal with the agency. §§ 41-22-20(b) and -20(d), Code 1975. The agency did not receive a copy of Mr. Hand's notice of appeal until May 7, 1987, which was not within the specified thirty-day period. Mr. Hand did not timely comply with *175 the above provisions of the AAPA. I would hold that the trial court properly dismissed his appeal for the following reasons.
The agency is granted authority by section 41-22-3(9), Code 1975, to promulgate rules that describe the "procedure, or practice requirements" of the agency. The regulation sub judice exceeded any authority thereby granted by enacting an appeal procedure. An appeal from an agency final holding in a contested case is not a procedure before the agency.
I contend that the agency had no authority to alter or amend the statutory requirement that the notice of appeal be filed with the agency within the thirty-day period. "Since the central legislative body is the source of an administrative agency's power, the provisions of the statute will prevail in any case of conflict between a statute and an agency regulation." N. Singer, 1A Sutherland Stat. Const. § 31.02 (Sands 4th ed. 1985). See also, 2 Am.Jur.2d Administrative Law § 300 (1962). The Iowa Supreme Court quoted with approval the above rule from Professor Sands's treatise and, pursuant thereto, it was held that, where a statute did not grant authority to discharged probationary employees to appeal and where an agency rule did grant such appeal authority to an aggrieved probationary employee, the statute prevailed over the agency rule. Iowa Department of Revenue v. Iowa Merit Employment Commission, 243 N.W.2d 610 (Iowa 1976). However, that Iowa case is more clearly in point where it further held that the agency rule which granted to permanent employees a ninety-day period within which to appeal would not pass muster since it was inconsistent with the legislative act which granted them only thirty days within which to appeal after discharge. Iowa Department of Revenue, supra.
An appeal is not a vested right in Alabama but may be taken only where it is authorized by statute, and it must be perfected in accordance with the time and manner as prescribed by the statute, and if such requirements are not complied with the appeal must be dismissed. Crawford v. Ray & Pearman Lincoln Mercury, 420 So.2d 269 (Ala.Civ.App.1982); Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). If an appellant fails to take an appeal in the manner as is provided by the statute, it is not taken at all. Rogers v. Singleton, 286 Ala. 83, 237 So.2d 473 (1970).
If the logic used by the majority prevails, few, if any, of the provisions of the AAPA governing practice and procedure in contested cases before agencies and appeals therefrom are immune from repeal or amendment by agency rules which conflict therewith. I do not believe that the legislature intended to grant, or did grant, to the agency any authority to make rules which conflict with AAPA's prescribed procedures in contested cases and appeals therefrom as are delineated in sections 41-22-12 through -20, Code 1975. If this agency is granted that right by the majority opinion, every agency which falls under the provisions of AAPA has a similar right with the end result that every agency will have entirely different procedures governing such matters. I submit that, when the legislature established contested case procedures and appeals therefrom, it fully intended that a uniform procedure be thereby established which would apply to and govern all agencies embraced by the AAPA. Such uniformity should not be permitted to be eroded or repealed by rules of agencies but variations therewith should occur only through legislation thereby creating "other law." The "other law" rule of the cases cited in the majority should not be extended to include an agency rule which conflicts with the provisions of AAPA.
Consequently, I would hold that the above specific provisions of AAPA govern appeals from the agency to the circuit court and that the agency had no authority to adopt a rule which conflicted therewith.