This is an appeal from an administrative decision of the Department of Human Resources (agency).
The appellant's motor home was damaged by a hurricane, and he applied for federal disaster relief with the agency. The agency denied relief in a written administrative decision that was mailed to the appellant, together with a copy of the agency's regulation regarding the method of appealing from that decision. The appellant timely filed his notice of appeal with the circuit court pursuant to the method of appeal set out in that regulation.
The agency moved to dismiss the case on the ground that the appellant should have filed his appeal with the agency, rather than the circuit court, pursuant to § 41-22-20(b), Ala. Code (1975) (1982 Repl. Vol.). The trial court dismissed the appellant's case, and this appeal followed. We reverse.
It is the validity of the agency regulation in question that forms the dispositive issue of this case.
Section 41-22-20(b), Ala. Code (1975) (1982 Repl.Vol.), provides in pertinent part as follows: "Except in matters forwhich judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency." (Emphasis supplied.)
We have previously held that such language "specifically exempts from [the] judicial review filing provisions [of the Alabama Administrative Procedure Act (AAPA)] those matters for which judicial review is provided by other law." MobileInfirmary Association v. Emfinger, 474 So.2d 731, 733
(Ala.Civ.App. 1985); see also Mays v. Sabel Steel Services, Inc.,500 So.2d 467 (Ala.Civ.App. 1986). In those cases the "other law" was a statute and was held to govern the time within which an appeal could be taken from a final decision of an agency. That is, the specific agency statute regarding the procedure for appeal was held to govern, rather than the procedure as expressed in the AAPA itself.
This case involves an agency regulation instead of an agency statute. The regulation provides that "[a]n aggrieved person still dissatisfied after the final decision *Page 173 
shall be entitled to file a notice of appeal or review of the decision with the appropriate circuit court." (Emphasis supplied.) § 660-1-5-.15, Rules of the Department of Pensions 
Security [now the Department of Human Resources] (1984). The AAPA is cited as the authority for that regulation.
The issue, therefore, is whether the specific agency regulation in this case falls within the "other law" provision of § 41-22-20(b).
As indicated, there is little question but that a specific agency statute falls within that provision so as to govern, rather than the AAPA, regarding a procedure for judicial review. This case involves the effect of an agency regulation in the same context. Mays, 500 So.2d 467; Emfinger,474 So.2d 731.
Thus, the dispositive question becomes whether such a regulation has the force of law in Alabama. In answering that question in the specific context of this case, we believe that it is important to consider the express intent of the legislature in enacting the AAPA and the specific purpose of the Act with respect to procedures for judicial review of agency action.
The AAPA is "intended to provide a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public." § 41-22-2(a). That statutory provision, which describes the legislative intent in enacting the AAPA, adds that "[n]othing in [the] chapter is meant to discourage agencies from adopting procedures conferring additional rights upon the public." §41-22-2(a).
The statute also provides that one of the purposes of the AAPA is "[t]o simplify the process of judicial review of agency action as well as increase its ease and availability." §41-22-2(b)(7).
Given this purpose of the AAPA and the intent of the legislature respecting it, it seems clear that the language of § 41-22-20(b) in question was written with this purpose and intent in mind and that the legislature contemplated other legal procedures for judicial review of agency action than those as expressly set out in the AAPA.
The question remains as to whether the agency regulation in this case has the force of law.
Rules, regulations, and general orders of administrative authorities pursuant to powers delegated to them have the force and effect of laws when they are of statewide application and so promulgated that information of their nature and effect is readily available or has become part of common knowledge.State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943). Moreover, where an agency prescribes rules and regulations for the orderly accomplishment of its statutory duties, its officials must vigorously comply with those requirements; regulations are regarded as having the force of law and, therefore, become a part of the statutes authorizing them. American Federation ofGovernment Employees v. Callaway, 398 F. Supp. 176 (N.D.Ala. 1975).
In this case a copy of the regulation in question was mailed to the appellant, together with information regarding the agency's final determination in his case. That is, the agency informed the appellant that his application for relief was denied, and the appellant was given the agency regulation describing that his appeal should be filed with the circuit court. He timely filed with the circuit court, only to have the agency successfully contend at the trial court that his appeal was filed in the wrong place and should be dismissed.
It is undisputed that the agency has the power to establish and promulgate reasonable regulations and that such was done in this case with regard to the procedure for judicial review. Pertinently, the commentary to § 41-22-4 of the AAPA states that "[a]doption of rules describing the internal organization of an agency and the actual procedures and policies of a state agency will enable the public to hold agencies to the standards to which it is intended they be held."
The statements and concern expressed in the dissenting opinion regarding the effect *Page 174 
of this decision — i.e., reversing the trial court — on the procedure of reviewing administrative decisions are difficult to reconcile with the overriding purposes of the AAPA as noted and the express language of § 41-22-20(b). The statutory language in question specifically authorizes alternatives to the AAPA's procedure for judicial review when otherwise provided for by law. The AAPA expressly provides that it is a minimum procedural code and not meant to inhibit agencies from conferring other procedural rights on the public. As indicated, administrative regulations have the force of law.
To reiterate:
The question is not whether the agency regulation in this case authorized appellate review of an administrative decision — such a regulation would clearly be a usurpation of the legislative power to authorize appeals and would thus be invalid — but whether the regulation is such "other law" as to provide an alternative method of review as contemplated by §41-22-20(b) itself. The following is pertinent in this regard:
 " 'Legislative' rules or regulations are accorded by the courts or by express provision of statute the force and effect of law immediately upon going into effect. In such instances the administrative agency is acting in a legislative capacity, supplementing the statute, filling in the details, or 'making the law,' and usually acting pursuant to a specific delegation of legislative power."
1 Am.Jur.2d Administrative Law § 95 at 893 (1962).
Section 41-22-20(b) did not limit alternative judicial review procedures to statutory law as such. With regard to a matter such as where to file the notice of appeal, we cannot read § 41-22-20(b) to prevent such a method being validly provided for in an agency regulation having the force of law.
In this case the agency has, in effect, used the AAPA to frustrate one of the very purposes of the AAPA — that agencies be held to their own public policies and standards. Certainly, the agency is free to adopt the procedure of the AAPA that notice of an appeal from an agency's final decision is to be filed with the agency. However, so long as the agency holds out, through a duly adopted and promulgated agency regulation having the force of law, that a different procedure is required — and since such an alternative to the AAPA procedure is authorized by § 41-22-20(b) — the agency must be held to its own standard. The Alabama Administrative Procedure Act itself contemplates no less.
In view of the above, the trial court's action in this case is due to be reversed. We are not to be understood as holding that an appeal filed with the agency would not also have been effective. We specifically make no comment on this aspect as this is not an issue in the instant case.
This case is, therefore, reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, J., concurs.
BRADLEY, P.J., dissents.