We granted certiorari in this case to determine whether administrative rules and regulations qualify as "otherwise provided by law" as that phrase is used in the Alabama Administrative Procedure Act. The pertinent portion of Ala. Code, 1975, § 41-22-20(b), a part of the Administrative Procedure Act, reads as follows:
 "(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency. A petition shall be filed either in the circuit court of Montgomery county or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party (other than an intervenor) resides or if a party (other than an intervenor), is a corporation, domestic *Page 177 
or foreign, having a registered office or business office in this state, then in the county of such registered office or principal place of business within this state." (Emphasis added.)
On September 15, 1985, W.F. Hand, represented by counsel, applied through the Alabama Department of Human Resources ("Department"), an agency of the State of Alabama, for a federal Individual Family Grant ("IFG") for the allegedly disaster-related damages to his mobile home, which occurred when Hurricane Elena struck Mobile, Alabama.
The Department denied Hand's application because of a report from the U.S. Attorney's office that Hand's mobile home was not located at his address at the time of the storm and, therefore, was not damaged by the storm. Hand requested a Department administrative hearing on the denial of his application. On March 30, 1987, the Department issued a written administrative decision denying Hand's IFG application for relief, together with a copy of the agency's regulation, 660-1-5-.15, regarding the method of appealing from that decision:
 "660-1-5-.15 Judicial Review. An aggrieved person still dissatisfied after the final decision shall be entitled to file a notice of appeal or review of the decision with the appropriate circuit court.
The notice must be filed within 30 days after the receipt of the notice or other service of the final decision or within 30 days after the decision on a request for rehearing. The notice of appeal or review must comply with all statutory requirements.
The filing of the notice of appeal or review will not delay enforcement of the final decision unless a court of competent jurisdiction shall enter an order to the contrary." (Emphasis added.)
On April 30, 1987, counsel for Hand filed a notice of appeal and petitioned for review in the Circuit Court of Mobile County, Alabama, in compliance with the method of appeal set out in the above-cited regulation. The Department received the notice of appeal on May 7, 1987, and filed a motion to dismiss, alleging that the notice of appeal was untimely filed, in that it was not filed with the Department within 30 days of the denial of the application in accordance with § 41-22-20(b).
The Circuit Court of Mobile County treated the motion to dismiss as a motion for summary judgment and granted summary judgment in favor of the Department and against Hand, who appealed to the Alabama Court of Civil Appeals.
The Court of Civil Appeals, in a split decision, reversed the summary judgment granted to the Department and remanded the case. 548 So.2d 171. The dispositive issue before the Court of Civil Appeals was whether the specific regulation in this case,660-1-5-.15, fell within the "other law" provision of §41-22-20(b). The Court of Civil Appeals, in addressing the validity of 660-1-5-.15, found that the agency had, in effect,
 "used the AAPA to frustrate one of the very purposes of the AAPA — that agencies be held to their own public policies and standards. . . . [T]he agency is free to adopt the procedure of the AAPA that notice of an appeal from an agency's final decision is to be filed with the agency. However, so long as the agency holds out, through a duly adopted and promulgated agency regulation having the force of law, that a different procedure is required — and since such an alternative to the AAPA procedure is authorized by § 41-22-20(b) — the agency must be held to its own standard. The Alabama Administrative Procedure Act itself contemplates no less."
The Court of Civil Appeals concluded that the legislative intent in enacting the AAPA was not to discourage agencies from adopting procedures conferring additional rights upon the public. Rather, that court said, one of the purposes of the AAPA was to simplify the process of judicial review of agency action and to increase its ease and availability; that §41-22-20(b) was written with this purpose and intent in mind; and that the Legislature contemplated legal procedures for judicial review of agency *Page 178 
action other than those expressly set out in the AAPA.
We disagree. The specific provisions of AAPA § 41-22-12
through § 41-22-20 govern contested cases on appeal. The agency had no authority to adopt a rule that conflicted therewith. An appeal may be taken only where authorized by statute and must be perfected in accordance with the time and manner prescribed by the statute; if such requirements are not complied with, the appeal must be dismissed. Crawford v. Ray Pearman LincolnMercury, 420 So.2d 269 (Ala.Civ.App. 1982); Moutry v. State,359 So.2d 388 (Ala.Civ.App. 1978). A failure to appeal in the manner prescribed by statute, results in there being no appeal taken at all. Rogers v. Singleton, 286 Ala. 83, 237 So.2d 473
(1970).
When the legislature established the procedures for appeals delineated in § 41-22-12 through § 41-22-20, Code 1975, it intended that a uniform procedure be established that would apply to and govern all agencies covered by the AAPA; it did not intend to grant, nor did it grant, to the agency any authority to make rules in conflict with those specific sections; rules of agencies should not be allowed to erode or repeal such intended uniformity; variations should occur only through legislation creating "other law," not through an agency rule or regulation that conflicts with the AAPA provisions.
In Ex parte City of Florence, 417 So.2d 191 (Ala. 1982), this Court struck down a city police department regulation as being in conflict with the statutorily required punishment for certain offenses and stated:
 "It is axiomatic that administrative rules and regulations must be consistent with the constitutional or statutory authority by which their promulgation is authorized. See C. Sands, Sutherland Statutory Construction § 31.02 (4th ed. 1973). 'A regulation . . . which operates to create a rule out of harmony with the statute, is a mere nullity.' Lynch v. Tilden Produce Co., 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034 (1924). This is because an administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator. Woodruff v. Beeland, 220 Ala. 652, 127 So. 235 (1930)."
417 So.2d 191 at 193-94. The provisions of the statute will prevail in any case of conflict between a statute and an agency regulation. N. Singer, 1A Sutherland Stat. Const. § 31.02 (Sands 4th ed. 1985). The Court of Civil Appeals, in Druid CityHealth Care Authority v. Alabama State Health Planning Development Agency, 482 So.2d 1222 (Ala.Civ.App. 1985), further noted that State Health Planning and Development regulations that appear to conflict with the statutory forum requirement are "clearly of no import." Id. at 1224. Ex parteCity of Florence, supra; Gadsden Civil Service Board v.Phillips, 447 So.2d 749 (Ala.Civ.App. 1984); Jefferson CountyBoard of Education v. Alabama Board of Cosmetology,380 So.2d 913 (Ala.Civ.App. 1980).
The Legislature had not created a method of judicial review of the Department's actions different from that promulgated by § 41-22-20(b), and the Department's regulations cannot legally provide another method of judicial review of the Department's actions.
At the time Hand appealed to the circuit court, the AAPA provided that judicial review of an agency's decision had to be instituted by filing notice of appeal with the agency within 30 days after receipt by the petitioner of the notice of the agency's final decision. Section 41-22-20(b), (d).
Hand received a copy of the agency decision on April 2, 1987; he had 30 days from that date to file his notice of appeal with the agency, pursuant to § 41-22-20(b), (d). The agency received a copy of Hand's notice of appeal on May 7, 1987, which was not within the specified 30-day period. Hand's appeal did not comply with the above time provisions of the AAPA.
Unfairness in all degrees results from governmental changes of position. See Davis, Administrative Law Treatise, § 20:1 (2d ed. 1983). Although the parties in the instant case did not argue the doctrine *Page 179 
of equitable estoppel,[1] we note the similarities between the circumstances in this case and those found in Ex parte FourSeasons, Ltd., 450 So.2d 110 (Ala. 1984), reversing FourSeasons v. State, 450 So.2d 108 (Ala.Civ.App. 1983), in which the tax assessor misrepresented to the taxpayers the date of the board of equalization's final decision on the taxpayers' protest. The taxpayers relied on this erroneous date when they filed their appeal to the circuit court. The circuit court held that the appeal was untimely filed and granted the State's motion for summary judgment. The Court of Civil Appeals affirmed the trial court's action, holding the doctrine of equitable estoppel not applicable to the State or to State-created agencies. However, in Ex parte Four Seasons,Ltd., Justice Adams, with all members of the Court concurring, took the position that manifest injustice would result if this Court were to conclude that the taxpayers could not rely on information furnished to them voluntarily by the tax assessor:
 "[T]he timeliness of an appeal is jurisdictional, and . . . questions of timeliness must be decided according to the controlling rule or statute. However, in this case, failure to apply estoppel against the state would effectively deny the [taxpayers] a remedy at law. . . . This case is similar to cases where estoppel has been applied against the government based on affirmative acts of misconduct or misrepresentation, rather than mere silence. In United States v. Wharton, 514 F.2d 406 (9th Cir. 1975), the court stated the proposition that 'estoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel . . . .' 514 F.2d at 411 (emphasis in original)."
450 So.2d at 112.
In the case before us, we find similar misleading circumstances. The Department of Human Resources denied Hand's request for federal disaster relief in a written administrative decision that was mailed to Hand, together with a copy of the Department's agency regulation, describing that his appeal should be filed in the circuit court. Hand timely filed his notice of appeal in Mobile County Circuit Court, only to have the agency successfully contend that his appeal was filed in the wrong place and should be dismissed. The Court of Civil Appeals, in reversing, gave the agency's regulation the force and effect of law. The Department now contends that the judicial review requirement of § 41-22-20(b) may not be changed by agency rule, and that Hand's notice of appeal to the agency was untimely.
Although we take the position that the Department's regulation does not qualify "as otherwise provided by law" as that phrase is used in the AAPA, we do note that Hand justifiably relied on the appeal procedure given to him by the agency and was misled as a result. Therefore, it would be unfair to permit the Department to now rely on its own wrongdoing in order to deny Hand an appeal. "Such a result would obviously work a serious injustice." Ex parte FourSeasons, supra, at 112.
For the foregoing reasons, we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
[1] Equitable estoppel is defined as "[t]he doctrine by which a person may be precluded by his act or conduct . . . from asserting a right which he otherwise would have had . . . against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct."Black's Law Dictionary, 483 (5th ed. 1979). *Page 180