INGRAM, Presiding Judge.
Clydia M. Varner filed a notice of appeal to the trial court from a decision of the board of appeals of the Department of Industrial Relations (DIR), which denied her claim for unemployment compensation benefits. The decision of the board of appeals became final on August 8, 1988; Varner filed her notice of appeal on September 7, 1988. The trial court dismissed her appeal on the ground that it was not timely filed. Varner now appeals to this court.
Varner contends that the time within which an appeal must be taken from a decision by DIR is governed by § 41-22-20(d), Ala. Code 1975 (1982 Repl. Vol.). Section 41-22-20(d), a part of the Alabama Administrative Procedure Act (AAPA), provides for a 30-day appeal deadline. Section 25-4-95, found within the Unemployment Compensation Act, mandates a 10-day appeal deadline. Varner argues that, pursuant to § 41-22-26, the 10-day deadline in § 25-4-95 is inconsistent with, and is therefore repealed and replaced by, the 30-day deadline provided by § 41-22-20(d). Alternatively, Varner argues that, pursuant to § 41-22-25, the more expansive 30-day deadline in § 41-22-20(d) should take precedence over § 25-4-95. We do not find these arguments to be persuasive.
The issue presented by Varner was previously addressed by this court in Mays v. Sabel Steel Services, Inc., 500 So.2d 467 (Ala.Civ.App.1986). We noted in Mays that § 41-22-20(b) exempts “matters for which judicial review is otherwise provided for by law” from the application of the AAPA. Since judicial review of unemployment compensation claims is specifically provided for in § 25-4-95, we held that the unemployment statute must, therefore, govern. We believe that the decision in Mays is sound and is applicable to the instant case.
We explained our reasoning in Mays as follows:
“[Sjection 41-22-25(a) indicates that, where the AAPA expressly provides otherwise, the rights and requirements provided by the AAPA do not apply, even though they may be more liberal than the rights and requirements provided elsewhere. The AAPA does ‘expressly provide otherwise’ in the case of those procedures governing judicial review of the final decision of an agency. Ala. Code (1975) § 41-22-20(b).”
500 So.2d at 468. Varner insists that the exempting language of § 41-22-20(b) applies only to that subsection and not to *1108 subsection (d) or any other subsection. While § 41-22-20 might have been more artfully drafted if the exempting language had been placed in an introductory paragraph preceding the subdivisions of the section, we do not agree that the placement of that language in subsection (b) mandates the limitation suggested by Varner.
Subsection (b) states:
“Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review ... with the agency.” (Emphasis added.)
Subsection (d) then states: “The notice of appeal or review shall be filed within 30 days_” (Emphasis added.) Subsection (d) and other subsections of § 41-22-20 use the phrase “the notice of appeal or review” to refer back to the notice discussed in subsection (b). Such a notice is required in “all proceedings for review” except those “for which judicial review is otherwise provided.” We find that proceedings for judicial review of unemployment compensation cases are exempt from the requirements of § 41-22-20.
The trial court’s dismissal of Varner’s appeal is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, J., dissents.