MADDOX, HOUSTON and STEAGALL, Justices
(dissenting).
We dissent from the quashing of the writ, because we think the judgment of the Court of Civil Appeals was incorrect and should be reversed. To indicate the basis of our dissent, we are here setting out a proposed opinion for reversing the judgment in this case, which we would substitute for the order quashing the writ:
“We issued the writ of certiorari in this case to determine whether the Court of Civil Appeals erroneously reversed the judgment of the trial court, which remanded the case to the State Health Planning and Development Agency (‘SHPDA’) for a comparative review regarding two competing applications for a certificate of need (‘CON’). The issue before us is whether East Alabama Health Care Authority (‘East Alabama’) was required to first request a fair hearing before SHPDA, under Ala.Code 1975, § 22-21-275(14), before filing an appeal in the circuit court pursuant to that same statute.
“On January 10, 1984, SHPDA granted an application for a CON to Auburn Medical Center, Inc., but denied East Alabama’s application. Several months later, on May 17, 1984, SHPDA (comprised at that time of newly appointed board members) reversed its previous ruling regarding Auburn Medical Center’s application but simultaneously denied East Alabama’s request for reconsideration of its application.
“About three years later, on April 4, 1987, Auburn Medical Center sued East Alabama and SHPDA in the United States District Court for the Middle District of Alabama, claiming, essentially, that the two defendants had conspired to deprive it of its CON.[1] On August 24, 1988, the district court held that the May 17, 1984, hearing had been a ‘sham’ and that it had violated Auburn Medical Center’s Fourteenth Amendment due process right to an impartial tribunal. Pursuant to its authority under 28 U.S.C. § 2283, ‘The Anti-Injunction Act,’ the district court enjoined SHPDA from reconsidering Auburn Medical Center’s application and ordered that a CON be issued to Auburn Medical Center.[2] By way of an ‘Amended Judgment and Injunction’ dated November 15, 1988, the district court effectively held that SHPDA’s January 10,1984, issuance of the CON to Auburn Medical Center was a final decision.
“SHPDA appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed the judgment ordering the issuance of the CON to Auburn Medical Center. On January 12, 1989, East Alabama filed petitions for judicial review, pursuant to Ala.Code 1975, §§ 22-21-275(14) and 41-22-20, and § 410-l-7-01(22)(d) of the SHPDA Rules and Regulations (1979), in Lee Circuit Court and Montgomery Circuit Court regarding the issuance of the CON to Auburn Medical Center. Thereafter, Auburn Medical Center filed a motion in the United States District Court to stay the state court proceedings. In denying that motion on March 16, 1990, the district court wrote, in part:
“ ‘The Court’s November 15, 1988, amended judgment and injunction makes clear that the only action enjoined by this Court was the Review Board’s power to conduct another reconsideration hearing. The Court’s original order of August 24, 1988, did declare that the issuance and the Certificate of Need was a final decision. The Court limited that grant of relief, however, at the instance of the defendants who pointed out that the orig *1348 inal order granted relief greater than was mandated by the Court’s finding and could be construed as cutting off judicial review as well as further agency review. Final action of the Review Board is subject to state judicial review under the Alabama Administrative Procedure Act. Ala.Code [1975,] § 41-22-1 et seq. Similarly, final decisions of the State Health Planning Agency are reviewable by the state circuit courts. Ala.Code [1975,] § 22-21-274(14). A determination by this Court that the Review Board’s action on the rehearing was a violation of Auburn’s right to a fair hearing would not cut off rights to judicial review in state courts which was granted by the statutes of Alabama. Since the Court’s original order could reasonably have been construed as mistakenly enjoining both administrative and judicial review proceedings, the Court struck that portion of its judgment enjoining all review of the certificate of need and amended the judgment to clarify its intention to enjoin only further administrative review. The Court’s amended judgment, therefore, recognized the possibility of state judicial review of the decision to issue the certificate of need.
[[Image here]]

“ ‘The amended judgment of this Court sought to make clear that its ruling on the invalidity of the rehearing did not bar judicial review to the extent state administrative procedure so provided.’

(Footnote omitted; emphasis added.)
“East Alabama’s actions were consolidated and, after an ore tenus hearing in Montgomery Circuit Court, the trial court issued a final judgment on March 23,1990, setting aside Auburn Medical Center’s CON and remanding the case to SHPDA for a comparative review.
“The Court of Civil Appeals held that East Alabama had failed to exhaust its administrative remedies because it did not request a fair hearing before SHPDA before appealing to the circuit court and that that court should have dismissed the appeal for lack of jurisdiction. In reversing, the Court of Civil Appeals relied on Mobile Infirmary Ass’n v. Emfinger, 474 So.2d 731 (Ala.Civ.App.1985), which held that when an aggrieved party seeks judicial review of SHPDA rulings on CON applications, § 22-21-275(14) takes precedence over the more general provisions of § 41-22-20(b) of the Alabama Administrative Procedure Act. The pertinent portion of § 41-22-20(b) reads, ‘Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency.’ (Emphasis added.) Section 22-21-275(14) provides, in part:
“ ‘The SHPDA, pursuant to the provisions of § 22-21-274, shall prescribe by rules and regulations the procedures for review of applications for certificates of need and for issuance of certificates of need. Rules and regulations governing review procedures shall include, but not necessarily be limited to, the following:
[[Image here]]
“ ‘(14) Provisions that any adverse decision may be appealed to an agency of the state (other than the SHPDA) designated by the governor. The appeal proceedings shall be conducted pursuant to the requirements of the state of Alabama, regulations adopted under this article and federal regulations. Request for a fair hearing by the applicant shall be made within 30 days of the decision by the state agency and shall have the effect of holding in abeyance the decision subject to the outcome of the fair hearing. The decision of the appeals agency shall be considered the final decision of the state agency; provided, that the applicant may appeal the decision to the circuit court of the county in which the applicant resides or of the county in which the applicant is situated. ’
(Emphasis added.)
“As is apparent from the language of § 22-21-275(14), once the appeals agency renders a ‘final decision,’ an aggrieved party may appeal the decision to the circuit court. Here, SHPDA was enjoined from reconsidering Auburn Medical Center’s *1349 CON; had it done so, SHPDA would have been in contempt of the federal court because that court specifically said that it ‘amended the judgment to clarify its intention to enjoin only further administrative review ’ and the court said that its amended judgment, therefore, ‘recognized the possibility of state judicial review of the decision to issue the certificate of need.’ Once the United States District Court held SHPDA’s January 10,1984, decision to be a final one, East Alabama’s only recourse was to appeal to the circuit court.
“ ‘As with many broad doctrines of judicial function, the exhaustion doctrine has exceptions. Courts will not require exhaustion when the administrative remedy is inadequate because it does not exist, or would not provide relief commensurate with the claim, or would unreasonably delay the action and thereby create a serious risk of irreparable injury.’
Panola Land Buyers Ass’n v. Shuman, 762 F.2d 1550, 1556 (11th Cir.1985) (citations omitted; emphasis added).
“We find that the present situation falls outside the traditional requirement that administrative remedies must be exhausted prior to judicial review because SHPDA was precluded by the federal court from acting on any fair hearing request that East Alabama might have filed. '[Administrative remedies need not be exhausted where doing so would be futile or where the remedies provided are inadequate.’ City of Gadsden v. Entrekin, 387 So.2d 829, 833 (Ala.1980) (emphasis added). See, also, Jefferson County v. Johnson, 333 So.2d 143 (Ala.1976).”
We would reverse the judgment of the Court of Civil Appeals. Therefore, we dissent.

. "Auburn Medical Center later voluntarily dismissed East Alabama from the suit. In addition, the district court dismissed all claims except Auburn Medical Center’s 42 U.S.C. § 1983 claim.”

. "The Anti-Injunction Act reads: ‘A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.’ ”