KENNEDY, Justice
(dissenting).
Because a majority of this Court decides that an order should be released today, I write the following:
The majority’s order concludes that the parties to this action will not suffer “irreparable injury” by the breaking of the seals of the electronic voting machines in order to recount the votes cast in the general election and, therefore, the majority sets aside a preliminary injunction entered by the Montgomery Circuit Court that would prohibit the breaking of those seals absent statutory authority. The majority’s actions clearly violate Alabama law, and I would hold that the trial court did not err in entering the preliminary injunction.[2]
The majority, in setting aside the injunction, holds that Ala.Code 1975, § 17-24-7(b), authorized the adoption of Alabama *325 Administrative Code § 307-X-1-.21, which allows any person with standing to contest an election to petition the canvassing authority for a recount. Section 17-24-7(b), plainly read, is not a statute that “authorizes” the adoption of administrative regulations allowing for the unlimited breaking of the seals of electronic voting machines. Section 17 — 24—7(b) is merely a statute that “authorizes” the adoption of administrative regulations to establish procedures for the maintenance or care of electronic voting machines in order to assure that they function properly.
Even assuming the majority’s strained interpretation of § 17-24-7(b) is correct, § 307-X-1-.21 cannot function to allow a recanvassing under these circumstances, because it is in direct conflict with § 17-9-31 and § 17-9-35. Section 17-9-31 provides that “It shall be unlawful and constitute a misdemeanor ... for any board of canvass, to break the seal of a voting machine for any purpose other than” those reasons expressly set out, none of which involves recanvassing.. Section 17-9-35 provides that ballots and records of voting machines shall be preserved until that body that has authority is ordered to open them.
While it is a fundamental rule of statutory interpretation that this Court reads, construes and applies related statutes together, so that the legislature’s intention can be gathered from the whole of the enactments, today a majority of this Court abandons this rule in order to reach the result it has fashioned. Because the majority’s interpretation of § 17-24-7(b) is erroneous, what is left is an administrative regulation, Alabama Administrative Code § 307-X-1-.21, that conflicts with § 17-9-31 and § 17-9-35. It is well settled that the provisions of a statute will prevail in any case of conflict between the statute and an agency regulation. Ex parte State Dep’t of Human Resources, 548 So.2d 176 (Ala.1988). Accordingly, I dissent from the order issued today, and I rely upon § 17-9-31 and § 17-9-35 as authority for my belief that the majority’s actions today violate Alabama law.
Moreover, even if we accept the majority’s interpretation of § 17-24-7(b), to authorize recanvassing, that statute applies only to votes cast by electronic ballot and not to those votes cast by paper ballot. Therefore, “interested persons” in areas where paper ballots are cast would not be entitled to a recanvass. Clearly, in my opinion, this raises serious constitutional concerns based on the Equal Protection Clause.
Because the majority of this Court has determined that the issuance of its order should be immediate, I reserve the right to expand upon my dissent in the future. In addition, I defer discussion of any apparent irregularities that have occurred in the handling of this appeal.
SHORES, J., concurs.

. My writing should not be read to imply that Jim Woodward would not be entitled to file an election contest pursuant to Ala.Code 1975, § 17-15-1 etseq.