This is an appeal involving competing applications for a Certificate of Need (CON) to operate additional hospital beds in Lee County. The issuance of a CON is a prerequisite to the offering or operation of any "new institutional health service" in the state by any individual or entity. § 22-21-265, Ala. Code 1975.
In October 1983, Auburn Medical Center, Inc. (AMC), filed an application with the State Health Planning and Development Agency (SHPDA), seeking approval for the construction and operation of a new, sixty-four bed general hospital facility in Auburn, Alabama. In response, East Alabama Health Care Authority, Inc. (East Alabama), filed a separate application in November 1983, seeking approval for the construction and operation of fifty-four new acute care beds to be added to its existing facility.
SHPDA regulations require that an application for a CON must be reviewed under the state health plan which is in effect at the time that the application is received by the state agency. § 22-21-266(1), Ala. Code 1975. The state health plan is a comprehensive plan prepared by the Statewide Health Coordinating Council to provide for the "development of health programs and resources to assure that quality health services will be available and accessible in a manner which assures continuity of care, at reasonable costs, for all residents of the state." § 22-21-260(4), Ala. Code 1975.
Pursuant to SHPDA rules and regulations, if an application is consistent with the state health plan, the agency may, in its reasonable discretion, grant or deny the application. If, however, the application is inconsistent with the applicable health plan, then the agency has no alternative but to deny the application.
At the time of the filing of AMC's application, the state health plan in effect demonstrated a "net need" for sixty-four new acute care beds in Lee County. However, shortly after the October filing of AMC's application and before the filing of East Alabama's application, the state health plan *Page 1344 
bed methodology was revised to show a "net excess" of acute care beds in Lee County. Therefore, at the time of East Alabama's filing, its application was inconsistent with the state health plan.
We note that, while these applications were reviewable under separate health plans, both applications were heard by the CON Review Board (Board) on the same date, although in ostensibly separate hearings. Following those hearings, the Board issued an order on January 10, 1984, granting AMC's application and denying East Alabama's application.
Subsequently, East Alabama filed a request for reconsideration by the Board of its grant of AMC's CON application pursuant to § 410-1-7.-01(22)(b)(2) of the SHPDARules and Regulations. Concomitantly, East Alabama filed a request for "fair hearing" as provided for in § 22-21-275(14), Ala. Code 1975. East Alabama alleged that the two applications should have been "comparatively" reviewed and that there was "significant, relevant information not previously considered by the state agency."
Thereafter, members of the Board which initially reviewed the two applications were dismissed by then Governor Wallace, and a new Board was appointed.
In response to East Alabama's petition and the actions of the governor with respect to the Board, AMC, on March 7, 1984, filed a petition for mandamus in the Circuit Court of Montgomery County, requesting an order that SHPDA issue the CON granted by the former Board in January 1984.
On May 17, 1984, the newly appointed Board granted East Alabama's request for reconsideration, reversing the January 10, 1984, decision of the former Board to issue the CON to AMC. Additionally, the newly appointed Board denied East Alabama's reconsideration request regarding its application.
On June 21, 1984, AMC voluntarily dismissed its complaint pending in the circuit court. On the same date, AMC withdrew its "fair hearing" request, which had been filed on June 14, 1984. On July 9, 1984, East Alabama, in response to the action taken by AMC, withdrew its request for "fair hearing."
Approximately three years after having apparently abandoned its state court and administrative appeals, AMC filed an action in the United States District Court on April 4, 1987, alleging that East Alabama and the Board had conspired to deprive AMC of its CON. AMC later amended its complaint to include no claims against East Alabama and only one claim against the Board, alleging a denial of its constitutional right to an impartial hearing.
Following a hearing, in which East Alabama did not participate, the district court concluded that the Board had revoked AMC's CON without the presentation of "new evidence" as required by the regulations and, therefore, that the actions of the Board had served to deny AMC its constitutional right to an impartial hearing. § 410-1-7-.01(22)(b)(2), SHPDA Rules andRegulations.
Consequently, the district court issued an injunction precluding the Board from holding another reconsideration hearing regarding AMC's application, ordering that AMC be issued a CON within sixty days, and declaring that the issuance of the CON "is a final decision of the CONRB [Board] and shall not be revoked by the present CON Review Board."
In response to the decision of the United States District Court, East Alabama filed a motion to intervene, as well as a motion for postjudgment relief, both of which were denied. The Board also filed a motion for postjudgment relief, contending that the district court's order was overbroad and improperly curtailed certain statutory rights to judicial review. In response to that motion, the district court amended its order.
Again concluding that no basis existed for conducting a reconsideration hearing with respect to the Board's initial grant of a CON to AMC, the district court enjoined further action by the Board with respect to AMC's CON. However, the order of November 15, 1988, clarified that "the only action enjoined by this [Federal] Court was *Page 1345 
the Review Board's power to conduct another reconsideration hearing." Specifically recognizing the possibility of state judicial review of the Board's initial decision to grant AMC a CON, the court order stated that "[f]inal action of the Review Board is subject to state judicial review under the Alabama Administrative Procedure Act" and, additionally, that "final decisions of the State Health Planning Agency are reviewable by the state circuit courts. Ala. Code § 22-21-275(14)."
Following an appeal by SHPDA, the United States Court of Appeals for the 11th Circuit affirmed the district court's decision reissuing a CON to AMC. As a result, East Alabama, on December 14, 1988, filed a notice of appeal, challenging the propriety of the original January 1984 approval of AMC's CON application. Accordingly, East Alabama filed petitions for judicial review in both Lee County and Montgomery County. Those petitions were consolidated, and an ore tenus hearing was commenced in the Montgomery Circuit Court.
In its petition, East Alabama contended that the action was properly before the circuit court because it construed the order of the United States District Court issuing a CON to AMC as a final and effective agency action subject to appeal. East Alabama sought review of both the decision by the Board to grant AMC's application and its corresponding decision to deny its own application.
East Alabama further contended that because, in its opinion, the CON applications were "mutually exclusive," they were required to be accorded "comparative review." It reasoned that the approval of AMC's application, by necessity, resulted in the denial of its own application.
A bifurcated trial was conducted with separate hearings being held regarding, first, the portion of the administrative record relating to the Board's rulings on AMC's and East Alabama's CON applications (on the record) and, second, the alleged misconduct and procedural irregularities on the part of the Board and AMC (off the record) which East Alabama contended led to the grant of the AMC CON.
Prior to the circuit court's decision in that action, AMC filed in federal court a motion to stay, seeking to enjoin any further proceedings by the circuit court on the grounds that the earlier ruling in this matter by the United States District Court was res judicata. That motion was denied on March 16, 1990.
Following the denial of AMC's March 19, 1990, motion to have the judge recuse himself, the circuit court rendered a final judgment on March 28, 1990. There, it held that the action filed by East Alabama in the circuit court was not precluded by the United States District Court's order of November 15, 1988.
The circuit court also concluded that the issuance of a CON by the Board to AMC on January 10, 1984, was improper and further ordered that the competing applications of both AMC and East Alabama be remanded to SHPDA for a comparative review pursuant to the state health plan in effect at the time of AMC's initial filing.
It is from the decision of the Circuit Court of Montgomery County dated March 23, 1990, that AMC now appeals.
AMC first asserts that the circuit court lacked jurisdiction to hear East Alabama's appeal because it contends that East Alabama failed to exhaust its administrative remedies prior to filing its action in the circuit court. The Alabama Administrative Procedure Act (AAPA), §§ 41-22-1 through -27, Ala. Code 1975, provides at § 41-22-20(a) that "[a] person who has exhausted all administrative remedies available within the agency (other than rehearing) and who is aggrieved by a final decision in a contested case is entitled to judicial review. . . ."
Moreover, § 22-21-275(14) states:
 "Provisions that any adverse decision may be appealed to an agency of the state (other than the SHPDA) designated by the governor. The appeal proceedings shall be conducted pursuant to the requirements of the state of Alabama, regulations adopted under this article and federal regulations. Request for a *Page 1346 
fair hearing by the applicant shall be made within 30 days of the decision by the state agency and shall have the effect of holding in abeyance the decision subject to the outcome of the fair hearing. The decision of the appeals agency shall be considered the final decision of the state agency; provided, that the applicant may appeal the decision to the circuit court. . . ."
(Emphasis supplied.)
AMC asserts that East Alabama failed first to request a "fair hearing" following the reinstatement of AMC's CON and prior to East Alabama's appeal in the circuit court and, consequently, that it failed to exhaust its administrative remedies. We agree.
Although East Alabama made such a request following the initial grant of a CON to AMC, that request was withdrawn prior to AMC's action in the United States District Court. It is undisputed that no subsequent requests for a "fair hearing" were made prior to East Alabama's appeal.
The AAPA specifically exempts from the statute "matters for which judicial review is otherwise provided by law." §41-22-20(b), Ala. Code 1975. Here, judicial review of the denial of CON applications by SHPDA is provided for by §22-21-275(14), Ala. Code 1975. Thus, we conclude that, where the state agency involved has a specific statute governing judicial review of its actions, the AAPA may not be used to circumvent the requirements of that statute. See, e.g., Mobile InfirmaryAss'n v. Emfinger, 474 So.2d 731 (Ala.Civ.App. 1985).
Because the provision of § 22-21-275(14) was not complied with, we find that the circuit court was without jurisdiction to entertain the appeal filed by East Alabama. Consequently, we find that the only proper action which the circuit court could have taken with respect to this action would have been to dismiss East Alabama's appeal.
In view of the above, this case is due to be reversed and remanded with instructions for the circuit court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.