This is an appeal involving competing applications for a Certificate of Need (CON) to operate additional hospital beds in Lee County. The issuance of a CON is a prerequisite to the offering or operation of any new institutional health service in this state by any individual or entity. § 22-21-265(a), Ala. Code 1975. All CON applications are reviewed by the State Health Planning Agency (SHPA), which may, in its reasonable discretion, grant or deny an application if it is consistent with the State Health Plan. § 22-21-266, Ala. Code 1975.
In July 1989 Methodist Homes for the Aging (Methodist) filed an application with SHPA, seeking approval for the operation of 20 new skilled nursing facility (SNF) beds in the Wesley Terrace nursing home in Lee County. In August 1989 East Alabama Health Care Authority (East Alabama) filed a separate application, seeking approval for the operation of 20 new SNF *Page 163 
beds in the East Alabama Medical Center in Lee County. Because the two applicants were considered to be competing for all SNF beds then available in Lee County under the State Health Plan, their applications were subjected to "comparative review."
Both applications were considered at a public hearing held before SHPA's quasi-judicial CON Review Board (Board) on October 10, 1989. On that same date the Board denied Methodist's application and approved East Alabama's application. Methodist then filed a Request for Reconsideration of both the denial of its application and the approval of East Alabama's application. Finding no showing of "good cause," the Board denied the Request for Reconsideration on December 12, 1989. At that point Methodist orally requested that SHPA provide an administrative Fair Hearing, as allowed under §22-21-275(14), Ala. Code 1975. However, SHPA, acting through its executive director, Charlie Stewart, informed Methodist that a Fair Hearing would "hold in abeyance" only the Board's adverse decision with respect to Methodist's application, but would have no effect upon East Alabama's approved application. In light of the position taken by SHPA, Methodist then filed notices of appeal in the Circuit Courts of Lee and Montgomery Counties.
The cases were consolidated and heard in the Lee County Circuit Court in November 1990. On January 4, 1991, the circuit court entered an order affirming the Board's denial of Methodist's CON application and approval of East Alabama's application. Pursuant to Rule 59, Alabama Rules of Civil Procedure, Methodist then filed a postjudgment motion, wherein it asked for, inter alia, a declaration from the circuit court ordering SHPA to provide a Fair Hearing with respect to the CON applications of both parties. Methodist based its motion on this court's per curiam opinion in the case of Auburn MedicalCenter, Inc. v. East Alabama Health Care Authority,583 So.2d 1342 (Ala.Civ.App.), writ quashed, 583 So.2d 1346 (Ala. 1991), which was decided during the pendency of the Methodist-East Alabama litigation. In Auburn Medical Center we held that obtaining an administrative Fair Hearing is a jurisdictional prerequisite to full judicial review of a SHPA decision in a contested case. Methodist contended that the effect of this court's holding was to require SHPA to open the Fair Hearing process with respect to the denial of Methodist's application and the simultaneous approval of East Alabama's application. The circuit court denied Methodist's Rule 59 motion on March 26, 1991.
Methodist now appeals to this court, contending that the circuit court erred in refusing to declare that SHPA was required to provide a comparative Fair Hearing with respect to the applications of both Methodist and East Alabama. We reverse and remand.
This court has held in prior cases, Auburn Medical Center,583 So.2d 1342; Mobile Infirmary Association v. Emfinger,474 So.2d 731 (Ala.Civ.App. 1985), that review of SHPA's denial of a CON application in a contested case is governed by §22-21-275(14), Ala. Code 1975. Section 22-21-275(14) provides that the decision of the Fair Hearing officer "shall be considered the final decision of the state agency" for purposes of judicial review. Because the exhaustion of administrative remedies, by way of a Fair Hearing, is a jurisdictional prerequisite to further judicial review, Auburn Medical Center,583 So.2d 1342, the principles of due process compel SHPA to provide a meaningful Fair Hearing where a proper request has been made.
A review of the administrative record in this case reveals that in 1989 Methodist and East Alabama were competing, through their respective CON applications, for the same finite, numerically limited health care resources: 20 SNF beds that were needed in Lee County according to the State Health Plan then in effect. Therefore, the Board's approval of East Alabama's application by necessity resulted in the denial of Methodist's application. In adopting the position that the Fair Hearing process was available only with respect to Methodist's *Page 164 
denied application, SHPA, which filed an appellee's brief in this appeal, relied on language in § 410-1-8-.14 of the SHPARules and Regulations, which provides that "[t]he applicant may appeal its denial of a [CON] to a fair hearing before an officer appointed by the Governor" and that an applicant's request for a Fair Hearing "shall have the effect of holding the adverse decision in abeyance subject to the outcome of the . . . hearing." However, to accept SHPA's argument that a Fair Hearing in cases involving competing applicants will work to stay only an adverse decision on an application but will have no effect upon an approved application would be effectively to render meaningless the non-prevailing applicant's right of further administrative review.
SHPA's CON Review Board considered the CON applications of Methodist and East Alabama together in a consolidated hearing that was held on October 10, 1989. The record of the proceedings clearly states that the two applications were "competing," and the Board indicated by its actions that the applications were treated as competing. East Alabama, which also filed an appellee's brief in this appeal, has argued that its application proposes the operation of a hospital based SNF, as opposed to the nursing home based facility proposed by Methodist, and that the services provided by a hospital based SNF cannot be considered as an alternative to those proposed by Methodist. However, the State Health Plan does not differentiate between hospital based SNFs and those located in nursing homes. It also remains undisputed that the two applications were, in fact, competing for the same 20 SNF beds.
This court has previously recognized the special circumstances created where two CON applicants are competing for the same limited resources and where the grant of one application effectively precludes the other. See, e.g., AuburnMedical Center, 583 So.2d 1342; Ex parte State Health Planning Development Agency, 443 So.2d 1239 (Ala.Civ.App. 1983); seealso § 22-21-264(5), Ala. Code 1975. In order to make meaningful a denied applicant's right to a Fair Hearing requested under §22-21-275(14), Ala. Code 1975, we hold that competing CON applicants are plainly entitled to request and obtain a comparative Fair Hearing with regard to both the denial of their own application and the approval of their competitor's application and, further, that it is also necessary that a stay of a competitor's approved application be granted pending the Fair Hearing.
East Alabama asserts that even if Methodist were entitled to a comparative Fair Hearing with respect to both applications, Methodist never filed a proper request with SHPA. East Alabama points to the language in § 410-1-8-.17, SHPA Rules andRegulations, where it is stated that "[t]he fair hearing will be held within thirty (30) days of the receipt of the written request by the state agency." Because Methodist's request for a comparative Fair Hearing was not made in writing, East Alabama says, Methodist has forfeited its right to further administrative and judicial review. We disagree.
The record on appeal contains the affidavit of Charlie Stewart, SHPA's acting executive director on December 12, 1989, the date on which Methodist's Request for Reconsideration was denied by the Board. In his affidavit, which was filed simultaneously with an affidavit from Methodist's counsel, Stewart attests to a telephone conversation with Methodist's counsel wherein Methodist's counsel requested that SHPA provide a Fair Hearing on the merits of the two applications; Stewart, however, informed Methodist's counsel that it was SHPA's position that a Fair Hearing could be held only with respect to Methodist's denied application, but would have no effect upon East Alabama's approved application. Relying on Stewart's representation, Methodist concluded that a hearing on the merits of its application alone would be futile and therefore sought review of the respective applications in the circuit courts.
As support for its argument that Methodist's request for a Fair Hearing should not be entertained, East Alabama points to this court's holding in Auburn *Page 165 Medical Center, 583 So.2d 1342, wherein we denied a competing CON applicant — coincidentally, East Alabama — further judicial review because it had withdrawn, and failed to refile, a previously submitted request for a Fair Hearing on competing applications and had thereby failed to act to exhaust its available administrative remedies. However, in the present case there is no evidence that Methodist withdrew its request to SHPA for a Fair Hearing; once it was informed that a comparative Fair Hearing was not available, Methodist merely proceeded to the circuit courts in order to protect its interests.
Although neither the SHPA regulation providing for a Fair Hearing nor the statutory authority for this regulation contains an explicit requirement that an applicant's request for a Fair Hearing be in writing, we recognize that the system of review in CON cases operates according to specific, defined time guidelines. See § 410-1-8-.14, SHPA Rules and Regulations;
§ 22-21-275(14), Ala. Code 1975. Therefore, we find in the language of § 410-1-8-.17, SHPA Rules and Regulations, the implicit requirement that a request for a Fair Hearing be in writing.
Nevertheless, under the facts in the instant case, it would be manifestly unfair to permit SHPA to rely on its own misrepresentation to Methodist in order to deny Methodist an opportunity to exhaust its administrative remedies. Methodist's actions under the circumstances in this case were justifiable. It could not reasonably be expected to file a written request for a Fair Hearing once it was informed by SHPA that a comparative Fair Hearing was not available and that any hearing would have no effect upon the approval of East Alabama's CON application. To hold that Methodist is now disqualified from receiving the Fair Hearing it had originally requested would obviously work a serious injustice. See Ex parte StateDepartment of Human Resources, 548 So.2d 176 (Ala. 1988); Exparte Four Seasons, Ltd., 450 So.2d 110 (Ala. 1984).
East Alabama has also argued that Methodist lacks standing to seek further review of the merits of East Alabama's application due to its failure to formally intervene in the proceedings on East Alabama's application. East Alabama maintains that agency regulations required Methodist to intervene in its case prior to filing a Request for Reconsideration of both applications. If East Alabama's argument is accepted, and Methodist's Request for Reconsideration was invalid insofar as it relates to East Alabama's application, all subsequent review of East Alabama's application would be flawed, and Methodist's appeals relating to the application would be rendered untimely.
Section 410-1-8-.08, SHPA Rules and Regulations, provides that "[t]he applicant or any person who made a timely intervention in the prior case" may file a written Request for Reconsideration. The record indicates that Methodist did not formally move to intervene in SHPA proceedings on East Alabama's case; rather, it sought a declaratory ruling from SHPA specifically directed to the issue of whether, in a contested case wherein CON applicants are competing for the same finite health care resources, it is necessary that an aggrieved applicant formally intervene in a competitor's case before obtaining comparative reconsideration by the Board. In December 1989 SHPA ruled on Methodist's request for declaratory ruling, finding that in CON cases involving competing applicants, a disapproved applicant is not also required to have been an intervenor in order to receive comparative reconsideration. The Board subsequently denied Methodist's Request for Reconsideration on the respective merits of the two CON applications. We find SHPA's interpretation of its rules regarding intervention and Requests for Reconsideration to be consistent with the overall meaning of the subject regulation; moreover, such an interpretation by the agency is also consistent with this court's findings as they relate to the right of competing applicants to a comparative Fair Hearing.
In view of the above, we hold that the circuit court erred by refusing to declare that SHPA was required to provide a comparative Fair Hearing with respect to the *Page 166 
CON applications of both Methodist and East Alabama. Accordingly, we reverse the judgment of the circuit court and remand the cause with instructions that the court enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.