This case involves competing applications for a certificate of need (CON).
Baptist Hospital of Gadsden (Baptist) and Alacare Home Health Services (Alacare) each applied to the State Health Planning Agency (SHPA) for a CON for authority to establish and operate home health services in the same service area. Only one application could be approved. Initially, the SHPA CON Review Board (Board) approved Baptist's application. Alacare subsequently requested a fair hearing, pursuant to Ala. Code 1975, § 22-21-275(14). The hearing officer reversed the Board's decision and approved Alacare's application. Pursuant to Baptist's petition for judicial review of the hearing officer's decision, the trial court reinstated the Board's original decision to award the CON to Baptist. Alacare's post-judgment motion was denied. Hence, this appeal.
The dispositive issue on appeal is whether the trial court erred in reversing the hearing *Page 996 
officer's decision to award the CON to Alacare and reinstating the Board's decision to award the CON to Baptist.
Initially, we note that a decision by a state agency is presumed to be correct and will be affirmed unless it is arbitrary or capricious or fails to comply with applicable law.State Health Planning Resource Development Administration v.Rivendell of Alabama, Inc., 469 So.2d 613 (Ala.Civ.App. 1985). The decision of the fair hearing officer is the final decision of the Board. Ala. Code 1975, § 22-21-275(14); Methodist Homesfor the Aging Corp. v. Stewart, 594 So.2d 161
(Ala.Civ.App. 1992). Further, this court reviews the trial court's ruling with no presumption of correctness, "since that court was in no better position to review the order of the Board than we are." Rivendell at 614.
The fair hearing officer's scope of review is limited to: (1) whether the CON application satisfies the statutory requirements; (2) whether SHPA made an arbitrary or capricious decision, or abused its discretion in deciding among competing applications; or (3) whether SHPA materially failed to follow the review procedures and made a substantial error. SHPA Rules and Regulations § 410-1-8-.22(1)(a). The fair hearing officer is prohibited from considering, inter alia, "the correctness, adequacy, or appropriateness of the criteria, standards or plans by which the application was measured," and from substituting his judgment for SHPA's factual findings. SHPA Rules and Regulations § 410-1-8-.22(1)(b)1.; see also §410-1-8-.25(3). The criteria for a CON include availability and advantages of alternatives; need for the project; population statistics and growth; effect on existing facilities or services; expansion of existing services being favored over the establishment of new facilities; community reaction; access to medically underserved groups; and, whether the project complements and supports the existing health care system. SHPA Rules and Regulations §§ 410-1-6-.04 to -.08; see also Ala. Code 1975, § 22-21-264.
In its ruling approving Baptist's CON application, the Board specifically noted that neither capital costs nor new construction was required for Baptist. In determining that Alacare was not the most appropriate applicant, the Board specifically noted, inter alia, that capital costs for Alacare were approximately $9,000. The Board further noted that issuing the CON to Baptist should not affect other providers because the area was underserved. Testimony at the public hearing also revealed that Baptist had an approximately 80-year history in the health care field in Etowah County. The Board's ruling also expressly noted that Baptist proposed higher charges than those proposed by Alacare, and that Alacare had approval to operate home health services in several Alabama counties.
It appears of record that an important factor in the hearing officer's decision to reverse the Board's decision was the fact that Baptist proposed somewhat higher charges than Alacare; however, the hearing officer also concluded that the Board was justified in determining that approval of Baptist's application "would improve accessibility of such services by ensuring the availability of less costly alternatives to in-patient care" and "the grant of [Baptist]'s application would improve the accessibility of services in the area." It appears to this court that the Board gave considerable weight to the accessibility factor over the cost factor, and that the hearing officer impermissibly considered the appropriateness of the cost factor. In view of the Board's recognized expertise regarding CON approval, the weight assigned to the evidence presented to the Board is within the Board's discretion.Health Care Authority of the City of Huntsville v. State HealthPlanning Agency, 549 So.2d 973 (Ala.Civ.App. 1989). The hearing officer is prohibited from considering the appropriateness of the criteria by which the application was measured. SHPA Rules and Regulations § 410-1-8-.22(1)(b). Therefore, we find no error in the trial court's determination to reinstate the approval of the application for a CON filed by Baptist.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 997