SAM A. BEATTY, Retired Justice.
The State Health Planning and Development Agency (SHPDA) appeals from an injunction issued by the trial court. We affirm.
In 1993, Ball Healtheare-Lowndes, Inc. (Ball), Lowndes County Health Care, Inc. (LCHC), and United States Health and Housing Foundation (USHHF) filed competing applications for a certificate of need (CON) to build and operate a 65-bed nursing home in Lowndes County. See §§ 22-21-263 through -272, Ala.Code 1975. A contested case hearing was held in September 1993. See §§ 41-22-12 through -16, Ala.Code 1975. On November 23, 1993, the administrative law judge issued a recommended order to SHPDA’s Certificate of Need Review Board (the Board) concluding that Ball was the most appropriate applicant and recommending that the Board approve Ball’s application. On April 12, 1994, the Board voted to adopt the recommendation, but issued its own order approving Ball’s CON application and denying the applications of LCHC and USHHF.
LCHC then requested a fair hearing pursuant to § 22-21-275(14), Ala.Code 1975. USHHF chose not to participate in the fair hearing process, and it is not a participant in this appeal. After several procedural delays, a fair hearing was conducted in October 1995. On December 1,1995, the fair hearing officer issued an order reversing the Board’s decision to grant the CON to Ball and to deny the CON to LCHC. The order also remanded the case to the Board for further proceedings consistent with the fair hearing officer’s findings of fact and conclusions of law.
Ball then filed a petition for judicial review and a request for a preliminary injunction, seeking to enjoin the Board from conducting any further proceedings relative to the CON applications pending resolution of Ball’s petition for judicial review. The trial court granted Ball’s request for injunctive relief, and SHPDA appealed.
The only issue on appeal is. whether the decision of the fair hearing officer was a final, appealable decision. The trial court entered a well-reasoned opinion in which it concluded, in pertinent part, as follows:
“I. THE DECISION OF THE FAIR HEARING OFFICER IS A FINAL DECISION FROM WHICH BALL MAY IMMEDIATELY APPEAL.
“ § 22-21-275(14), Code of Alabama (1975), provides for appeal of final SHPDA decisions to the circuit court in which the applicant resides or is situated. It provides, in pertinent part, as follows:
“4... Request for a fair hearing by the applicant shall be made within thirty days of the decision by the state agency and shall have the effect of holding in abeyance the decision subject to the outcome of the fair hearing. The decision of the appeals agency shall be considered the final decision of the state agency; provided, that the applicant may appeal the decision to the circuit court of the county in which the applicant resides or of the county in which the applicant is situated.’
“ § 22-21-275(14), Code of Alabama (1975).
“In addition, the most recent ease law interpreting this Code section stands squarely for the proposition that the decision of the Fair Hearing Officer constitutes the final decision of the Board. In Alacare Home Health Services, Inc. v. *8 Baptist Hospital of Gadsden, Inc., 655 So.2d 995 (Ala.Civ.App.1994), [cert. denied, — U.S. -, 116 S.Ct. 51, 133 L.Ed.2d 16 (1995),] facts particularly similar to those in the case at bar were presented. In Alacare, the Board had approved the application for a CON of Baptist, and denied the application of Alacare. Alacare requested a fair hearing. The Fair Hearing Officer there reversed the Board’s decision and approved Alacare’s application. Baptist petitioned for judicial review, eventually prevailing. The Alabama Court of Civil Appeals, citing § 22-21-275(14) and Methodist Homes for the Aging Corp. v. Stewart, 594 So.2d 161 (Ala.Civ.App.1992), squarely held that ‘[t]he decision of the fair hearing officer is the final decision of the Board.’ Alacare at 996.
“Even under the regulations promulgated by the SHPDA, the decision of the fair hearing officer is final and appealable. § 410-1-8-.24 reads as follows:
‘“Within forty-five (45) days after the close of the evidence, the fair hearing officer shall enter a final order respecting the issuance of a certificate of need, which final order shall contain findings of fact and conclusions of law regarding the application. The final order of the fair hearing officer shall be effective upon its filing with the state agency. The applicant or other party may appeal the decision to either the Circuit Court of Montgomery County or the circuit court of the county in which the applicant resides or of the county in which the applicant is situated.’
“SHPDA Rules and Regulations § 410-1-8-.24 (emphasis added). Another section of the same regulations also spells out in plain language that the fair hearing officer’s decision is the final decision of the state agency. § 410-1-8-.26 reads as follows:
“ ‘The decision of the fair hearing officer shall be considered the final decision of the state agency; provided, however, that the fair hearing officer may remand the application to the state agency for further proceedings consistent with the final order when such remand is required by Section 410-1-8-.25 above.’
“SHPDA Rules and Regulations § 410-1-8-.26 (emphasis added).
“The position of the Respondent is that, upon a decision by the Fair Hearing Officer to remand the case to the Board for further proceedings, appeal is proper only after those further proceedings by the Board. Although the Regulations do not speak directly to this contention, implicit in the Rules and Regulations is the notion that a Fair Hearing Officer will ordinarily order a remand of the case to the Board, rather than a flat reversal. Only in one situation, cited in SHPDA Rules and Regulations § 410-l-8-.25(3), is remand not contemplated. In spite of this, the SHPDA Rules and Regulations read unequivocally, as does the case law and statutory authority, that the decision of the Fair Hearing Officer is the final decision of the Board.
“Accordingly, this Court finds that the decision of the Fair Hearing Officer issued on December 1, 1995, is a final decision of the Board from which an appeal may be taken.”
(Emphasis in original.)
We conclude, as did the trial court, that statutory authority, case law, and SHPDA’s own agency regulations clearly state that the fair hearing officer’s decision is a final, appealable order. SHPDA relies heavily on the remand provisions in § 410-1-8-.25 of its Rules and Regulations. To the extent that those regulations conflict with the clear wording of § 22-21-275(14), however, the statutory provision must prevail. Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45 (Ala.1995).
After concluding that Ball appealed from a final, appealable order, the trial court then determined that Ball was entitled to injunc-tive relief. We have not been asked to review any other aspect of the trial court’s order. We decide only that Ball’s petition for judicial review and injunctive relief was properly before the trial court because the fair hearing officer’s order was a final decision from which Ball was entitled to appeal to the circuit court.
*9 The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.