723 So.2d 75 (1998)
FOREST MANOR, INC.
v.
STATE HEALTH PLANNING AND DEVELOPMENT AGENCY, et al.
2970087.
Court of Civil Appeals of Alabama.
May 1, 1998.
Rehearing Denied June 19, 1998.
Certiorari Denied October 23, 1998.
*76 Alvin T. Prestwood and Daniel L. Feinstein of Volz, Prestwood & Hanan, P.C., Montgomery, for appellant.
John T. Mooresmith, Mark M. Lawson, and Heather H. Crumpton of Burr & Forman, L.L.P., Birmingham, for appellee Baldwin Health Care Center, Inc.
Alabama Supreme Court 1971740.
ROBERTSON, Presiding Judge.
Forest Manor, Inc., appeals from a judgment of the Montgomery County Circuit Court affirming the decision of a fair hearing officer ("FHO") denying Forest Manor's application to the State Health Planning and Development Agency ("SHPDA") for a certificate of need ("CON") for 100 nursing home beds to be located near Foley, while granting the competing CON application of Baldwin Health Care Center ("Baldwin") for 100 nursing home beds to be located in Robertsdale. We affirm.
The 1992-95 State Health Plan issued by SHPDA reflected a need for 132 nursing home beds in Baldwin County. Five entities submitted applications to SHPDA to obtain CONs that would allow them to provide nursing home services to fill this need; among these applicants were Baldwin, which sought a CON to offer 102 beds, and Forest Manor, which sought a CON to offer 100 beds. Baldwin requested that a contested-case hearing be held on all of the applications, pursuant to SHPDA rules governing CON applications, Ala. Admin. Code, rr. 410-1-7.15 and 410-1-8.02.
An administrative law judge ("ALJ") was thereafter appointed, and a contested-case hearing was held concerning all five CON applications. The ALJ heard testimony from witnesses on behalf of both Forest Manor and Baldwin, and also received documentary evidence in support of the competing applications. After the contested-case hearing, the ALJ submitted a recommended order to the SHPDA Certificate of Need Review Board ("CONRB"). In this recommended order, the ALJ found that Forest Manor did not establish that its project would be financially feasible, as required by Ala. Admin. Code, r. 410-1-6-.05(a), because it would incur financial losses of more than $600,000 during its *77 first two years of operation. In addition, the ALJ found that Robertsdale was the most appropriate location for a new freestanding nursing home in Baldwin County, which the ALJ described as a "medically underserved area," and that Baldwin's application met or exceeded each of the criteria set forth in § 22-21-264, Ala.Code 1975, and Ala. Admin. Code, rr. 410-1-6-.01 through .18. It therefore recommended the granting of Baldwin's CON application and the denial of Forest Manor's CON application.
However, the CONRB rejected the ALJ's recommendations, and issued an order granting Forest Manor's CON application for 100 beds and denying Baldwin's CON application. Among other things, the CONRB's order rejected the ALJ's findings concerning the economic feasibility of Forest Manor's proposal, and it noted that Forest Manor's facility would be located near Foley, in an area of Baldwin County experiencing a high rate of growth in its elderly population, as opposed to a relatively sparsely populated area of the county. The CONRB also concluded that Baldwin planned to employ a contract manager having an option to lease or purchase the facility, whereas Forest Manor's principal had other business interests in south Baldwin County.
Baldwin then sought and obtained a fair hearing, pursuant to § 22-21-275(14), Ala. Code 1975, and Ala. Admin. Code, r. 410-1-8-. 16, before a FHO appointed by the Governor. The parties then submitted briefs to, and presented oral argument before, the FHO. The FHO rendered an order reversing the CONRB's decision to deny Baldwin's CON application and to grant Forest Manor's CON application, and it directed the issuance of a CON to Baldwin for 102 nursing home beds. Among other things, the FHO concluded that the CONRB's decision was arbitrary and capricious and was not supported by substantial evidence; he noted that none of the competing applicants projected losses comparable to Forest Manor's projections, that SHPDA rules do not require a comparison of the corporate principals of competing applicants, and that the Foley area, unlike Robertsdale, was already the location of a nursing home, one that operated below capacity during 1994. Finally, he determined that Forest Manor's CON application did not satisfy, and that Baldwin's application did satisfy, each of the applicable criteria set forth in § 22-21-264, Ala.Code 1975, and Ala. Admin. Code, rr. 410-1-6-.01 through .18, which govern review of CON applications.
Forest Manor filed a notice of appeal with SHPDA and filed a petition for judicial review in the Montgomery County Circuit Court, naming as defendants SHPDA, SHPDA's executive director, and the FHO. The FHO was subsequently dismissed from the review proceedings, and the other four CON applicants were added as respondents.[1] After Baldwin and Forest Manor had filed submissions in support of their respective positions, the trial court entered a judgment affirming the FHO's order. Forest Manor appealed.
As a preliminary matter, we note that Baldwin contends that the trial court did not have jurisdiction to adjudicate Forest Manor's appeal from the FHO's order, and that Forest Manor is thus attempting to appeal from a void judgment. In support of its contention, Baldwin relies upon § 22-21-275(14), Ala.Code 1975, which states that appeals from final decisions of SHPDA may be appealed to the circuit court "of the county in which the applicant resides or of the county in which the applicant is situated." Under this statute, Baldwin argues, the only proper forum for the filing of a petition for judicial review of the FHO's decision in this case was Baldwin County because this statute is, in its view, a "specific" statute that controls over the more liberal venue provisions of § 41-22-20(b) pertaining to judicial review of administrative decisions generally.
We disagree with Baldwin's jurisdictional contentions. While § 22-21-275(14), Ala.Code 1975, is indeed "specifically related" to where appeals from a SHPDA final decision granting or denying a CON application *78 may be filed, Baldwin overlooks the application of § 41-22-25(a), a portion of the Alabama Administrative Procedure Act ("AAPA"), which provides (emphasis added):
"Except as expressly provided otherwise by this chapter [22, Title 41, Ala.Code 1975,] or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter."
By enacting this statute, the legislature has indicated an intent to abrogate, in the limited area of administrative procedure, the generally applicable rule of statutory construction whereby specific matter is deemed to take precedence over general matter. In other words, the legislature intended that the "general" provisions of the AAPA will control unless (1) the AAPA itself expressly limits its application, or (2) the specific agency statute expressly provides that it will take precedence over the AAPA as to a particular matter.
Pursuant to the second sentence of § 41-22-20(b), Ala.Code 1975, a portion of the AAPA, a party aggrieved by a final agency decision in a contested case is authorized to file a petition for judicial review in one of three places: (1) the Circuit Court of Montgomery County; (2) the circuit court of the county in which the agency maintains its headquarters (which, in the case of SHPDA, is also Montgomery County); or (3) the circuit court of the county where a party resides, unless otherwise specifically provided by statute. Until 1993, the first sentence of subsection (b) of § 41-22-20 also provided that "Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency." (Emphasis added.)
In Mobile Infirmary Ass'n v. Emfinger, 474 So.2d 731 (Ala.Civ.App. 1985), this court affirmed a judgment of the Montgomery County Circuit Court dismissing a petition for judicial review filed by a Mobile County hospital naming, among other parties, SHPDA's director and the CONRB as respondents. In that case, the hospital argued that § 41-22-25(a) mandated the application of the AAPA's provisions regarding where petitions for judicial review of final administrative decisions could be filed, and that because SHPDA and the CONRB maintained their headquarters in Montgomery County, their petition was properly filed there.[2] However, this court disagreed, concluding that the Montgomery County Circuit Court was without subject matter jurisdiction, based on the introductory proviso of the first sentence of § 41-22-20(b):
"But for the above emphasized language in § 41-22-25(a) [`Except as expressly provided otherwise by this chapter ...'], one could conclude that the more liberal filing requirements for judicial review under the AAPA may be followed in addition to those of [Ala.Code 1975,] § 22-21-275(14). This introductory clause, however, specifically excepts those matters where the AAPA itself states an exception to its requirements. Such is the case with § 41-22-20(b). This statute specifically exempts from its judicial review filing provisions those matters for which judicial review is provided by other law. Because judicial review of actions of SHPDA and the Board on CON applications is specifically governed by § 22-21-275(14), the only logical conclusion is that § 22-21-275(14), and not the AAPA, must govern the filing of a petition or a complaint for judicial review in the present case."
474 So.2d at 733 (emphasis added). Thus, the holdings in Emfinger and its prodigy (Druid City Health Care Auth. v. Alabama *79 State Health Planning & Dev. Agency, 482 So.2d 1222 (Ala.Civ.App.1985)), upon which Baldwin rely, are predicated upon the presence in the first sentence of § 41-22-20(b), a portion of the AAPA, of the express language "[e]xcepting ... matters for which judicial review is otherwise provided for by law."[3]
However, the legislature has not remained idle since our decisions in Emfinger and Druid City. In 1993, the legislature amended § 41-22-20(b) so as to delete the "exception" in its first sentence. Thus, § 41-22-20(b) no longer "specifically exempts from its judicial review filing provisions those matters for which judicial review is provided by other law." Accordingly, there is no longer anything in the text of the AAPA itself that would prevent a party aggrieved by a final decision of SHPDA granting or denying a CON application from filing a petition for judicial review in Montgomery County, as the second sentence of § 41-22-20(b) allows. Moreover, neither Emfinger, nor Druid City, nor the parties in this case have demonstrated that § 22-21-275(14) expressly takes precedence over the second sentence of § 41-22-20(b) as to the proper court in which a petition for judicial review may be filed. Indeed, Emfinger itself indicates that "[b]ut for" the exception it found in the first sentence of § 41-22-20(b), the second sentence of § 41-22-20(b) would take precedence. 474 So.2d at 733.
Because § 41-22-25(a) afforded Forest Manor a right, under the second sentence of § 41-22-20(b), to file its petition for judicial review in the Circuit Court of Montgomery County, we conclude that that court had subject matter jurisdiction to consider Forest Manor's petition.
Forest Manor and Baldwin agree that the appropriate standard of review of an agency decision is deferential, that agency decisions are presumed correct, and that such a decision will be affirmed unless it is arbitrary, capricious, or fails to comply with applicable law. E.g., State Health Planning & Resource Dev. Admin. v. Rivendell of Alabama, Inc., 469 So.2d 613, 614 (Ala.Civ.App. 1985). However, they disagree over whose decision this standard of review is to apply. Forest Manor contends that the trial court failed to show what it terms "proper deference" to the decision of the CONRB concerning which CON application was due to be granted. Baldwin, for its part, contends that it is actually the decision of the FHO, and not the CONRB, that constitutes SHPDA's final decision and that is entitled to deference on appeal. We agree with Baldwin that "[t]he decision of the fair hearing officer is the final decision of the Board." Methodist Homes for the Aging Corp. v. Stewart, 594 So.2d 161, 163 (Ala.Civ.App.1992) (citing § 22-21-275(14), Ala.Code 1975); see also Ala. Admin. Code r. 410-1-8-.26 ("The decision of the [FHO] shall be considered the final decision of [SHPDA]"). Thus, it is the FHO's decision, and not the CONRB's decision, that is entitled to a presumption of correctness on appeal; thus, the pertinent question raised by Forest Manor's appeal is whether the FHO's order was "arbitrary, capricious, or fail[ed] to comply with applicable law." Rivendell, 469 So.2d at 614.
Forest Manor principally relies upon Alacare Home Health Servs. v. Baptist Hosp. of Gadsden, 655 So.2d 995 (Ala.Civ.App.1994), cert. denied, 516 U.S. 807, 116 S.Ct. 51, 133 L.Ed.2d 16 (1995), as authority for its contention that the CONRB's decision was due to be affirmed by the FHO. It is true that in Alacare, this court affirmed a judgment reversing *80 the decisions of a FHO to grant a CON denied by the CONRB and to deny a CON granted by the CONRB. Even in Alacare, however, we noted that it was the FHO's decision and not the CONRB's decision that was the final decision of SHPDA. 655 So.2d at 996. A close review of Alacare reveals that our affirmance of the trial court's judgment was based upon the failure of the FHO in that case to conform his review of the CONRB's order to the standards set forth in Ala. Admin. Code, r. 410-1-8-.22; thus, the FHO's decision for SHPDA in that case "fail[ed] to comply with applicable law."
Moreover, it is significant that there is no mention in Alacare that an ALJ was appointed to consider the evidence on behalf of the CONRB or that a recommended order was submitted to the CONRB. As the FHO in this case noted, review of an agency's findings of fact is significantly altered when it has rejected contrary findings of a designated hearing officer such as the ALJ in this case. This court has held that when an administrative agency rejects the findings of a hearing officer, its supporting evidence "must be stronger than would be required in cases where the findings are accepted, since... the supporting evidence must be deemed substantial when measured against the [hearing officer's] contrary findings as well as the opposing evidence." State Personnel Dep't v. Mays, 624 So.2d 194, 196 (Ala.Civ.App. 1993) (citing Personnel Bd. v. King, 456 So.2d 80 (Ala.Civ.App.1984)). While the dissenting opinion would limit application of this rule to decisions of the State Personnel Board, we reject this reasoning, as this rule was not so expressly limited in Mays and King and has not historically been limited to that context alone. See NLRB v. Interboro Contractors, Inc., 388 F.2d 495, 499 (2d Cir. 1967) (applying same rule to National Labor Relations Board), cited in King, 456 So.2d at 82; see also People of Illinois v. United States, 666 F.2d 1066, 1074 (7th Cir.1981) (applying same rule to Interstate Commerce Commission). Similarly, we reject the implication, inherent in the dissent's reliance upon an administrative regulation, that an administrative agency may arrogate to itself an absolute power to reject the findings of a hearing officer regardless of the evidence before the hearing officer, a power that is quite contrary to our decisions.
Ala. Admin. Code, r. 410-1-8-.22(a), limits the scope of review by an FHO in a CON proceeding to the following issues:
"1. whether the application ... is consistent with each of the applicable criteria and standards set forth in Chapter 6 of these rules, and whether the application is consistent with the appropriate state plan;
"2. whether the State Agency [i.e., SHPDA's CONRB] acted in an arbitrary or capricious manner without a reasonable justification for the decision or absent fixed standards against which the application was measured, or whether the State Agency otherwise abused its discretion in deciding among competing applications;
"3. whether the State Agency materially failed to follow review procedures as set out in these rules and whether the error was substantial in its effect."
Thus, because the FHO's order (and not the CONRB's order) is the final agency decision to which a presumption of correctness applies, we must determine whether his conclusionsthat Forest Manor's application was not consistent with SHPDA rules and that the CONRB's grant of a CON to Forest Manor was arbitrary and capricious and not supported by substantial evidencewere themselves "arbitrary, capricious, or [contrary to] applicable law."
Rule 410-1-6-.05, Ala. Admin. Code, requires that before an application for a CON may be granted, SHPDA must determine whether "a substantially unmet public requirement" exists for the proposed health care facility, and that determination shall be made after giving appropriate consideration to, among other things, the "financial feasibility of the proposed change in service o[r] the facility." The ALJ found that Forest Manor's project would not be financially feasible because it would lose more than $600,000 in its first two years of operation; however, the CONRB rejected this finding, stating that this was "a very likely possibility for any new *81 nursing home" and that "[t]here is no evidence in th[e] record that would cause one to believe that Forest Manor's beds would not be filled as quickly as those of any other applicant." The FHO noted that none of the other applicants had projected a loss close to the loss projected by Forest Manor, and that a currently existing nursing home in Foley operated at only 89 per cent capacity during 1994; thus, he concluded that the CONRB's determination as to the financial feasibility of Forest Manor's project was "sheer speculation" and was not supported by evidence that could be considered "substantial" in light of the contrary findings of the ALJ. We agree with the FHO that the CONRB's decision reflects inadequate consideration of the practicality of Forest Manor's project from a financial standpoint, analysis of which is required not only by SHPDA regulations but also by statute. See § 22-21-264(4)(a), Ala. Code 1975. Thus, we cannot conclude that the FHO's conclusion is arbitrary, capricious, or contrary to the applicable review procedures set forth in Ala. Amin. Code, r. 410-1-8-.22(a).
Similarly, the CONRB rejected the ALJ's finding that Baldwin was "fully capable" of providing quality nursing home care on the basis that its proposed manager was not a "principal" of Baldwin, but only a manager under contract, with an option to lease or to purchase. At the same time, however, the CONRB stated that Baldwin's manager was an "experienced and highly qualified nursing home [provider] with [a] track [record] that [has] been irreproachable for a long time." The FHO concluded that the CONRB improperly construed Rule 410-1-6-.09(1), Ala. Admin. Code, which requires a comparison of (among other things) the professional and management capabilities of competing applicants, to allow it to reject the ALJ's finding that Baldwin was "fully capable" on the sole basis that its manager was not a corporate principal. Again, we cannot conclude that the FHO acted in an arbitrary, capricious, or unlawful manner in determining that the CONRB improperly applied one of the rules governing its review of competing CON applications.
We are mindful that the legislature has made it the prerogative of the FHO, not the CONRB, to render a final decision concerning CON applications, and that this court must treat the FHO's decision as "prima facie just and reasonable" under the AAPA. § 41-22-20(k), Ala.Code 1975. Forest Manor has not demonstrated, as it must under Rivendell, that the FHO's decision was "arbitrary, capricious, or [contrary to] applicable law." Thus, the judgment of the trial court affirming the grant of a CON to Baldwin and the denial of a CON to Forest Manor is due to be affirmed.
AFFIRMED.
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I conclude that the trial court's judgment must be reversed; therefore, I respectfully dissent.
The Certificate of Need Review Board ("CONRB") issued an order approving the application of Forest Manor, Inc., for a certificate of need ("CON"). Pursuant to State Health Planning and Development Agency ("SHPDA") Reg. 410-1-8-.16, Baldwin County Health Care Authority appealed the order for a fair hearing. Reg. 410-1-8-.22 provides in pertinent part:
"(a) The scope of review by the fair hearing officer shall be limited to the following issues:
"1. whether the [CON] application meets the requirements of Code of Ala. 1975, Section 22-21-266, with respect to inpatient facilities or services, if applicable, as well as whether the application is consistent with each of the applicable criteria and standards set forth in Chapter 6 of these rules, and whether the application is consistent with the appropriate state plan;
"2. whether the state agency acted in an arbitrary or capricious manner without a reasonable justification for the decision or absent fixed standards against which the application was measured, or whether the state agency otherwise abused its discretion *82 in deciding among competing applications;
"3. whether the state agency materially failed to follow review procedures as set out in these rules and whether the error was substantial in its effect.
"(b) The following shall not be considered by the fair hearing officer and shall be deemed immaterial to the fair hearing:
"1. the correctness, adequacy, or appropriateness of the criteria, standards or plans by which the application was measured; or
"2. new evidence or argument, whether written or oral, which has not been considered by the [CONRB] or Administrative Law Judge ["ALJ"] at any previous hearing; or
"3. the determination of whether the proposal is a new institutional health service subject to review as defined by these rules."
I conclude that the fair hearing officer exceeded his review by considering "the correctness, adequacy or appropriateness" of the criteria by which the CONRB evaluated the CON applications.
The CONRB emphasized in its order that Forest Manor's location in Foley rather than Baldwin's location in Robertsdale was a more appropriate location for a nursing home because Foley was closer to the area of the growing retirement population. The CONRB also concluded that Forest Manor's projected losses for the first two years of its operation was "a very likely possibility for any new nursing home." The CONRB further stated that, "[t]here is no evidence in this record that would cause one to believe that Forest Manor's beds would not be filled as quickly as those of any other [CON] applicant, particularly since it proposes to locate in the area of Baldwin County which has the greatest rate of growth of the population that is 65 years of age or older."
The CONRB's decision was based on the criteria for a CON. See SHPDA Reg. 410-1-6-.04 to -.08. Therefore, the CONRB entered its order with a reasonable justification. SHPDA Reg. 410-1-8-.22(a)(2). The fair hearing officer emphasized in his order that the Robertsdale location was more appropriate because the Robertsdale area was a medically underserved area. The fair hearing officer impermissibly considered the adequacy of the criteria considered by the CONRB. Alacare Home Health Services, Inc. v. Baptist Hosp. of Gadsden, Inc., 655 So.2d 995 (Ala.Civ.App.1994).
The contested case proceeding was tried before an ALJ pursuant to SHPDA regulation 410-1-8-.02. That regulation provides that the ALJ will make a recommendation to the CONRB "regarding the approval or denial of the application or applications." Regulation 410-1-8-.05 provides that the CONRB will reject or accept the ALJ's recommendation by majority vote.
In affirming, the majority relies on State Personnel Dep't v. Mays, 624 So.2d 194 (Ala. Civ.App.1993) for its proposition that the CONRB must give some deference to the ALJ's recommendation. Mays, the court held that the State Personnel Board must have "some reasonable justification" for departing from the hearing officer's recommendations to the Personnel Board. I conclude that Mays applies only to State Personnel Board cases and does not apply to SHPDA cases. Mays has been cited only in State Personnel Board cases. See Alabama Dep't of Envtl. Management v. Hagood, 695 So.2d 48 (Ala.Civ.App.1997); State Personnel Bd. v. State Dep't of Mental Health & Mental Retardation, 694 So.2d 1367 (Ala.Civ.App. 1996); State Personnel Bd. v. Brashears, 659 So.2d 617 (Ala.Civ.App.1994); and State Dep't of Conservation & Natural Resources v. State Personnel Board, 637 So.2d 894 (Ala. Civ.App.1994). Furthermore, the ALJ's recommendation is not a binding order on the parties, and the SHPDA regulations do not require that the CONRB give any deference to an ALJ's recommendation. See SHPDA Reg. 410-1-8-.05.
THOMPSON, J., concurs.
NOTES
[1] One of these applicants, North Baldwin County Health Authority-Oakwood, was later dismissed by stipulation.
[2] At the time Emfinger was decided, § 41-22-20(b) did not expressly authorize filing a petition for judicial review in Montgomery County in all cases governed by the AAPA.
[3] It should be noted that the "exception" language that appeared in § 41-22-20(b) at the time Emfinger was decided was located only in the first sentence of that subsection, i.e., the provision addressing how "proceedings for review" should be instituted initially, and not in the second sentence, which addresses where the next stepthe filing of the petition for judicial reviewshould take place. This "exception" constituted a proviso, i.e., a portion of a statute that limits or modifies the enacting clause. E.g., State Farm Mut. Auto. Ins. Co. v. Martin, 292 Ala. 103, 289 So.2d 606 (1974). Accordingly, the "exception" in the first sentence of § 41-22-20(b) should arguably have been limited in its operation to that first sentence. If there is any doubt about an exception or a proviso in a statute, it must be judged on the assumption that the rule is broader than the exception. Mobile Liners, Inc. v. McConnell, 220 Ala. 562, 126 So. 626 (1930), cited with approval in Ex parte Gauntt, 677 So.2d 204, 214 (Ala. 1996). Thus, it is possible that Emfinger was wrongly decided.