MOORE, Judge.
The Alabama Board of Cosmetology and Barbering (“the Board”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court to transfer the appeal filed by Shahjahan Jason Smith from the Board’s order imposing a $250 fine on Smith after finding that he was practicing cosmetology without a license. We grant the petition and issue the writ.
On July 23, 2014, the Board entered an order that Smith pay a $250 fine after an administrative-law judge found that there was “[substantial evidence [that Smith] had a wax pot in his place of business, [that he had] held himself out to the public as a Managing Cosmetologist, and [that he] worked in an establishment that was not properly licensed by [the Board] for cosmetology practices.” On August 20, 2014, Smith filed his notice of appeal with the Board; he also filed the notice of appeal and a petition for judicial review in the Jefferson Circuit Court. On September 26, 2014, before filing an answer, the Board filed a motion requesting that the Jefferson Circuit Court transfer the appeal to the Montgomery Circuit Court, pursuant to Ala.Code 1975, § 34-7B-ll(b). On September 29, 2014, Smith filed a response to the Board’s motion, arguing that venue was proper in Jefferson County pursuant to Ala.Code 1975, § 41-22-20(b), because, he asserted, his residence and business are both located in Jefferson County. The Board’s motion was denied on September 29, 2014.
In its mandamus petition, the Board argues that § 34-7B-ll(b) controls the venue in this case. Section 34-7B-11(b) provides:
“Any provision of law to the contrary notwithstanding, a person who has exhausted all administrative remedies available through the board, other than a rehearing, and who has been aggrieved by a final decision in a contested case, may appeal pursuant to Section 41-22-20. A decision by the board to revoke or suspend a license or permit, or to otherwise restrict or discipline a licensee, shall be subject to provisions regarding stays as provided in subsection (e) of Section 41-22-20. All appeals shall be filed in the Circuit Court of Montgomery County.”
(Emphasis added.)
By its plain language, § 34-7B-11(b) requires all “appeals” to be filed in the Montgomery Circuit Court. Smith points out that he is also seeking “judicial review” of the Board’s decision, including review of the constitutionality of the manner in which the Board administered the fine. We note that an administrative agency cannot decide constitutional issues, so an “appeal” would not encompass any rulings on any constitutional issues; rather, such claims can be adjudicated only through the judicial-review process afforded by the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq. See Ex parte Smith, 683 So.2d 431 (Ala.1996).
However, we note that the AAPA treats a “petition for judicial review” as an “appeal” for procedural purposes. Section 41-22-20(b), Ala.Code 1975, provides that “[a]ll proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with” the administrative agency that made the determination subject to review. (Emphasis added.) Section 41-22-20(d), Ala.Code 1975, further provides: “The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review.” (Emphasis added.) The AAPA does not refer to the filing of an “appeal” in circuit court; rather, it refers only to the filing of “[t]he petition for judicial review.” Hence, the appellate courts treat the filing of a notice of an *590 appeal in the circuit court as the filing of “a petition for judicial review” for venue purposes, see Eley v. Medical Licensure Comm’n of Alabama, 904 So.2d 269, 276 (Ala.Civ.App.2003), and refer to “judicial review” and “appeal” interchangeably in this context. See, e.g., Ex parte Brookwood Health Servs., Inc., 781 So.2d 954, 957 (Ala.2000) (“Brookwood filed its appeal of the order granting the Authority’s CON to the Montgomery Circuit Court, one of the courts specifically provided for in the AAPA.”); Krawczyk v. State Dep’t of Pub. Safety, 7 So.3d 1035, 1036 (Ala.Civ.App. 2008) (“The AAPA specifies that a party may appeal a decision of the administrative law judge to the circuit court.,..”); and Forest Manor, Inc. v. State Health Planning & Dev. Agency, 723 So.2d 75, 78 (Ala.Civ.App.1998) (referring to appeal as “judicial review”), overruled on other grounds, Colonial Mgmt. Grp., L.P. v. State Health Planning & Dev. Agency, 853 So.2d 972 (Ala.Civ.App.2002).
Section 41-22-20(b) provides, in full:
“All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.”
(Emphasis added.) We conclude that the emphasized language means that if another statute specifically provides for venue of an “appeal,” that statute controls the venue as well for “a petition for judicial review.”
“Statutes are in pari materia where they deal with the same subject. Kelly v. State, 273 Ala. 240, 139 So.2d 326 [ (1962) ]. Where statutes are in pari materia they should be construed together to ascertain the meaning and intent of each. City of Birmingham v. Southern Express Co., [164 Ala. 529, 538, 51 So. 159, 162-63 (1909) ]. Where possible, statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 [(1968)]; Walker County v. White, 248 Ala. 53, 26 So.2d 253 [ (1946) ].”
League of Women Voters v. Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974). Section 41-22-20(b) provides where a petition for judicial review should be filed unless it is “otherwise specifically provided by statute.” In Ex parte Water Works Board of Birmingham, 177 So.3d 1167 (Ala.2014), upon which Smith relies, our supreme court concluded that the venue provisions in the AAPA applied to an appeal from a determination of the Alabama Surface Mining Commission because the Alabama Surface Mining Control and Reclamation Act of 1981, § 9-16-70 et seq., Ala.Code 1975, “lack[ed] a venue provision.” 177 So.3d atll71. In the present case, § 34-7B-ll(b) specifically provides that appeals from a determination of the Board must be filed in the Montgomery Circuit Court. That distinction yields the opposite conclusion from that reached in Ex parte Water Works Board of Birmingham. The provisions of the AAPA do not control venue for judicial review of a determination of the Board; that venue lies only *591 ín the Montgomery Circuit Court pursuant to § 34-7B-ll(b).
Smith claims that he will be denied due process if § 34-7B-ll(b) is enforced because, he says, he cannot litigate in the Montgomery Circuit Court without closing his business in Jefferson County in order to travel to Montgomery County. If so, Smith should have raised that challenge to the Jefferson Circuit Court. In his petition for judicial review, Smith raises a question as to the constitutionality of the Board’s action in requiring him to attend the administrative hearing in Montgomery that led to his fine, but he does not attack the constitutionality of requiring venue over his petition for judicial review to be in the Montgomery Circuit Court. In his response to the motion to transfer the appeal, Smith did not argue that applying § 34-7B-ll(b) would deprive him of due process. Smith has not provided this court with a transcript of the hearing on the motion to transfer the appeal, if there was one. On a petition for a writ of mandamus, this court is limited to reviewing the materials and issues before the trial court. See Ex parte M & F Bank, 58 So.3d 111, 117 (Ala.2010). From the materials before us, Smith did not raise the issue that enforcement of § 34-7B-ll(b) would deprive him of a meaningful access to the court system. See Williams v. Illinois State Scholarship Comm’n, 139 Ill.2d 24, 563 N.E.2d 465, 150 Ill.Dec. 578 (1990).
In the proceedings below, the Board proved that § 34-7B-ll(b) vests the Montgomery Circuit Court with exclusive venue over petitions for judicial review of determinations of the Board and that the Jefferson Circuit Court is therefore an improper venue. “If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.” Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999). By denying the Board’s motion, the Jefferson Circuit Court refused to transfer the appeal to the Montgomery Circuit Court, despite an imperative duty to do so. The Board timely and properly invoked the jurisdiction of this court to review the order by filing its petition for a writ of mandamus. See Rule 21, Ala. R.App. P. Recognizing that mandamus lies as the proper remedy in these circumstances, see Ex parte Michelin N. Am., Inc., 56 So.3d 604, 608 (Ala.2010), this court hereby grants the Board’s petition and issues a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying the motion to transfer filed by the Board and to forthwith enter a new order transferring Smith’s appeal to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.